# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| IN RE: AME CHURCH EMPLOYEE RETIREMENT FUND LITIGATION | MDL Case No. 1:22-md-03035-STA-jay<br><br>ALL CASES |

## ORDER STRIKING PLAINTIFFS' THIRD AMENDED COMPLAINT

Six separate actions were transferred to this Court by the Judicial Panel on Multidistrict Litigation ("MDL") pursuant to a June 2, 2022 order. On August 19, 2022, Plaintiffs filed a consolidated amended complaint (Amd. Complt. ECF No. 74) by agreement of the parties and with the Court's permission. (Min. Ent. ECF No. 69; Case Mang. Ord. ECF No. 78.) On July 5, 2024, after much litigation, Plaintiffs filed a motion for leave to file a second amended complaint. (Mot. ECF No. 440.) Defendants Eaton and Newport opposed the motion (Resps. ECF Nos. 464, 465.) Plaintiffs were permitted to file a reply and did so on August 5, 2024. (Reply ECF No. 472.)

Plaintiffs' motion to file a second amended complaint was granted at the status conference on August 16, 2024 (Min Ent. ECF No. 482), and the second amended complaint was filed on August 29, 2024. (Sec. Amd. Complt. ECF No. 493.) On September 5, 2024, an order amending the scheduling order was entered. (Amd. Sched. Ord. ECF No. 497.) In pertinent part, the order provided that the deadline "for the Parties to request leave to join additional parties and/or to amend the pleadings" was September 30, 2024. (*Id.*) "After these dates, the Court will consider, inter alia, whether the granting of leave would delay trial." (*Id.*) This order remains the operative scheduling order.

Subsequently, Defendants Newport (ECF No. 521), AMEC (ECF No. 522), and Symetra (ECF No. 525) filed partial motions to dismiss. Before those motions were fully briefed, Plaintiffs filed a third amended complaint on October 11, 2024. (ECF No. 552.) A status conference was held on October 16, 2024, at which time Plaintiffs asserted that they could file the third amended complaint as of right pursuant to Fed. R. Civ. P. 15(a)(1)(B). Symetra and Newport opposed the filing of the third amended complaint. The Court gave the parties ten days from the date of the conference to file briefs in support of their positions. Plaintiffs, Symetra, and Newport have now filed their briefs in support of their respective positions (ECF Nos. 565-67), and the Court finds as follows.

>Fed. R. Civ. P. 15 provides as follows:
>
>(a) Amendments Before Trial.
>
>(1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course no later than:
>
>(A) 21 days after serving it, or
>
>(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Plaintiffs argue that they have an "absolute right" to amend one time under Rule 15(a)(1)(B). That is, a party can exercise that right at any time — even after the Court has previously granted leave to amend under Rule 15(a)(2) as in the present case. They go so far as to assert that "the law is clear" on this issue. (Pls' Br. p. 6, ECF No. 566.) In support of their argument, they chiefly rely on *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002 (9th Cir. 2015), which held that Rule 15 "does not mandate that the matter of course amendment under 15(a)(1) be exhausted before an amendment may be made under 15(a)(2), nor does it state that the ability to amend under 15(a)(1) is exhausted or waived once a 15(a)(2) amendment is made." *Id.* at 1007.

2

However, the law is not so "clear" as Plaintiffs would have the Court believe. *See*, *e.g.*, *Davis v. Sedgwick Claims Mgmt. Servs. Inc.*, 2023 WL 6150009, at *12 (S.D.N.Y. Aug. 30, 2023), rep. adopted sub nom. *Davis v. Sedgwick Claim Mgmt. Servs.*, Inc., 2023 WL 6141170 (S.D.N.Y. Sept. 20, 2023) (rejecting "the notion that Rule 15(a)(1) furnishes a plaintiff with a potentially inexhaustible right to amend 'as a matter of course' that, like an ace in the hole, she can keep in reserve during multiple amendment cycles until the Court is unwilling to grant her any more opportunities to plead a cognizable claim."); *Coronavirus Rep. v. Apple, Inc.*, 560 F. Supp. 3d 642, 646 (D.N.H. 2021) (citing *Glaros v. Perse*, 628 F.2d 679 (1st Cir. 1980), for the proposition that, in the First Circuit "a plaintiff's entitlement to amendment as of right is extinguished when a plaintiff files a first amended complaint.")

The Court in *Savignac v. Jones Day*, 341 F.R.D. 120 (D.D.C. 2022), thoroughly analyzed this issue as follows.

> The parties' disagreement boils down to a single question: Does amendment of the complaint as a matter of course permanently terminate 21 days after the first responsive pleading or Rule 12 motion is filed or does the right revive each time a new, amended complaint is filed in the case, so long as the plaintiff has not yet exercised her one opportunity to amend "as a matter of course"? For several reasons, the Court concludes that Defendants have the better reading of the rule and that the right to amend the complaint once as a matter of course is confined to the initial stages of a case — that is, the right terminates 21 days after the first responsive pleading or motion under Rule 12(b), (e), or (f) is served, and it does not revive thereafter. This interpretation best harmonizes the text, structure, and purpose of Rule 15(a).
>
> Turning first to the text, Rule 15(a) permits a party to amend "its pleading" once as a matter of course "within ... 21 days after service of a responsive pleading or 21 days after service of a Rule 12(b), (e), or (f), whichever is earlier," "if the pleading is one to which a responsive pleading is required." Fed. R. Civ. P. 15(a)(1)(B). "In *all* other cases," however, "a party may amend its pleading only with the opposing party's written consent or with the court's leave." Fed. R. Civ. P. 15(a)(2) (emphasis added).
>
> At first glance, the text of Rule 15(a)(1)(B) arguably embraces two possible interpretations. It might be read, as Defendants suggest, to create a single, unbroken

3

period at the beginning of a case during which a party may correct deficiencies in their initial pleading — which is to say, the clock to amend begins upon the filing of the original complaint and continues through the date of the first responsive pleading or Rule 12 motion to be filed, after which the plaintiff has 21 days to amend as of course. At the end of that period, however, the right to amend as a matter of course expires once and for all. Or, alternatively, the rule might be read, as Plaintiffs urge, to create a right to amend as of course that revives with each new version of the complaint, so long as the plaintiff has not previously exercised her right to amend as of course.

Although both readings of the text have some surface plausibility, when viewed in light of the structure and purpose of Rule 15(a), the first interpretation is clearly better than the second. Consider, for instance, the interaction of Rule 15(a)(1) with Rule 15(a)(2). All agree that Plaintiffs' right to amend as a matter of course (at least initially) expired on October 18, 2019. Thus, if Plaintiffs had sought to amend their complaint on October 19, 2019, they would have required Defendants' written consent or leave of the Court to do so. *See* Fed. R. Civ. P. 15(a)(2). And, indeed, both the First Amended Complaint and the Second Amended Complaint followed this procedure.

Rule 15(a)(2) introduces a limited hurdle to the amendment process with the goal of protecting opposing parties from prejudice and promoting judicial efficiency. *See United States v. Hougham*, 364 U.S. 310, 316, 81 S. Ct. 13, 5 L.Ed.2d 8 (1960). Consequently, the rule imposes no limitation on an opposing party's ability to withhold its consent, and — although it directs courts to grant leave to amend "freely" —a court may nonetheless deny a party leave to amend where it appears that the proposed amendment results from "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman* [*v. Davis*], 371 U.S. [178] at 182, 83 S. Ct. 227 [1962]. This is a generous standard, but it nonetheless protects defendants from undue prejudice or unfair tactics, such as waiting (without justification) to amend a complaint until after the parties have completed discovery, and it permits the court to manage its docket in a fair and efficient manner.

Plaintiffs' interpretation of Rule 15(a)(1) is fundamentally flawed because it would permit a plaintiff to circumvent Rule 15(a)(2)'s safe-guarding function to the point of absurdity. Under Plaintiffs' theory, for example, a plaintiff seeking to amend her complaint in a way that she fears might not garner the defendant's consent or the court's leave — perhaps because she unduly delayed making the proposed amendment — could ask the court or the defendant instead to assent to an unrelated, noncontroversial amendment. Under Plaintiffs' interpretation of Rule 15(a)(1), once the plaintiff filed an amended complaint with that noncontroversial amendment, the door would be open for her to use her one amendment as a matter

4

of course to make any and all amendments she saw fit — even those she feared would not receive prior approval under Rule 15(a)(2).

Rule 15(a)(1) cannot be read to open the door to any and all such amendments — no matter how late in the case, no matter how severe the prejudice to the opposing party, and no matter how unjustified the delay might be — particularly in light of Rule 1's direction that the Federal Rules of Civil Procedure "should be construed, administered, and employed by courts and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Each of these values would be undermined by Plaintiffs' interpretation of Rule 15(a)(1), which, by permitting circumvention of the preapproval requirements of Rule 15(a)(2), would enable a party greatly (and justifiably) to expand the scope of a case years into the litigation, leading to unnecessary costs and delays and substantial prejudice to defendants. This is particularly so when one considers that the only amendments for which Plaintiffs' interpretation would make a difference are those for which the Court would deny leave to amend notwithstanding its obligation to "freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2).

Defendants' reading of Rule 15(a)(1) also more closely conforms to the purposes of the amendment-as-a-matter-of-course provision, which are (1) "to avoid judicial involvement in the pleading process when there is little reason for doing so;" (2) to "reduce the number of issues to be decided;" and (3) to "expedite other pretrial proceedings, as well as the determination of the issues involved." 6 Charles Alan Wright & Arthur Miller, *Fed. Prac. & Proc.* § 1480 (3d ed. Apr. 2022 update). Rule 15(a)(1) furthers these goals only if the period to amend as matter of course exists exclusively at the beginning of an action. *See id.* During the early stages of the litigation, for instance, "there is no reason for requiring the court to pass on" Rule 15(a)(1) amendments, since "it is unlikely that [such] motions for leave to amend would be denied by a judge." *Id.* Similarly, a Rule 15(a)(1) amendment at the onset of the litigation "cannot prejudice an opposing party in any significant way," since, "[i]f the opponent has not served a responsive pleading" or Rule 12 motion, "the opponent ... probably has not relied to any appreciable extent on the contents of the original pleading." *Id.* For these reasons, the two leading civil procedure treatises agree that a Rule 15(a)(1) amendment is confined to a "limited time period following the commencement of the action," and, "when this time period expires ... [Rule 15(a)(1)] no longer applies and an amendment falls under Rule 15(a)(2)." *Id.*; *accord* 3 *Moore's Fed. Prac.* § 15.10 (2021) (explaining that "[t]he right to amend pleadings 'as a matter of course' exists only for a limited time," and "[a]fter the time allowed for amendments 'as a matter of course' expires, a party may amend only with leave of court or the written consent of the opposing party").

The Advisory Committee's note to the 2009 Amendment to Rule 15(a) — which promulgated the rule in its current form — is also instructive. That note explains that "the right to amend once as a matter of course *terminates* 21 days after service of a motion under Rule 12(b), (e), or (f)" or a responsive pleading. Fed. R. Civ. P. 15 advisory committee's note to 2009 amendment (emphasis added). The purpose

5

>of this 21-day period, the Advisory Committee explains, is to "force the pleader to consider carefully and *promptly* the wisdom of amending to meet the arguments in the motion" or any "issues" that "the responsive pleading may point out ... that the original pleader had not considered." *Id.* (emphasis added). Although the utility of amendments in response to an opposing party's initial Rule 12 motion or responsive pleading is high, the value of responsive amendments diminishes significantly in subsequent stages of the litigation, once the issues have been narrowed.

*Savignac*, 341 F.R.D. at 123-25. *Accord Evans v. Dart*, 2023 WL 3568685, at *3 (N.D. Ill. May 19, 2023); *Evans v. City of Ann Arbor*, 2021 WL 2949502, at *2 (E.D. Mich. July 14, 2021); *Jones v. Pro. Acct. Servs., Inc.*, 2016 WL 6242927, at *2 (E.D. Tenn. Oct. 6, 2016), rep. adopted, 2016 WL 6242921 (E.D. Tenn. Oct. 25, 2016); *Synthes USA Sales, Inc. v. Taylor*, 2012 WL 928190, at *1 (M.D. Tenn. Mar. 19, 2012); *Robinson v. Wells Fargo Bank, N.A.*, 2010 WL 11544926, at *6 n.14 (E.D. Mich. Aug. 5, 2010); *Kearney v. Jandernoa*, 979 F. Supp. 576, 581 (W.D. Mich. 1997) (citing *Elliott v. Foufas*, 867 F.2d 877, 882–83 (5th Cir. 1989) ("Even [when] a first amendment of a complaint is not voluntary, any further amendment must be by leave of court.")

After considering the competing caselaw and Rule 15 itself, this Court finds that the views expressed in *Savignac* and argued by Defendants Newport and Symetra, i.e., the right to amend the complaint once as a matter of course is limited to the initial stages of a case and, thus, the right terminates twenty-one days after the first responsive pleading or motion under Rule 12(b), (e), or (f) is served, is the one most reasonable and best serves the interests of judicial fairness and economy. In this case, Plaintiffs were required to obtain leave of Court to amend before filing their third amended complaint. Because they did not do so, the third amended complaint must be stricken.[1] *See Franke v. Norfolk S. Ry. Co.*, 2023 WL 3413919, at *2 (6th Cir. May 12, 2023) (noting that the district court had correctly struck an unauthorized amended complaint).

---

[1] The Court is mindful that the Sixth Circuit has advised that "'it is well established that the action of striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted only when required for the purposes of justice.'" *Sewell v. Allied Interstate, Inc.*, 2011

6

But, even if the law was weighted more toward Plaintiffs' position, they still have not overcome the hurdle of the expired deadline to amend pleadings set in the most recent scheduling order – an order that Plaintiffs prepared and submitted for approval over the objection of some of the other parties. The Court has repeatedly advised the parties of its concern at the delay inherent in such complex litigation – litigation that involves extremely vulnerable plaintiffs.

Plaintiffs filed their second amended complaint on August 29, 2024. On September 5, 2024, an order amending the scheduling order was entered setting the deadline for amendment of pleadings as September 30, 2024. Less than two week later, on October 11, Plaintiff filed their third amended complaint without pointing to any new information that could not have been discovered prior to September 30.

Rule 16(b) requires a district judge to issue a scheduling order that, among other things, "limit[s] the time to . . . amend the pleadings." Fed. R. Civ. P. 16(b)(3)(A). The deadlines set by the scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In the present case, Plaintiffs have not argued good cause for being allowed to file an amended pleading after the deadline, and the Court knows of none. Instead, Plaintiffs argue that the scheduling order does not "extinguish" their "absolute right" to file a third amended complaint. As discussed above, Plaintiffs have no such absolute right. Therefore, their argument is without merit. *See Two/Goode Bay v. Goodyear Tire & Rubber Co.*, 2023 WL 142791, at *2 (D. Ariz. Jan. 10, 2023) ("[T]erminating a party's right to amend at a particular deadline does not prejudice the party seeking to amend because Rule 15(a)(2) allows the party to amend its complaint

---

WL 32209, at *2 (E.D. Tenn. Jan. 5, 2011) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 821-22 (6th Cir. 1953)).

infinitely as long as it has permission from the Court or the opposing party. But allowing late amendments as a matter of course could prejudice the opposing party.")

In their brief, Plaintiffs ask in the alternative that they be allowed to file an amended complaint pursuant to Fed. R. Civ. P. 15(a)(2). However, they have not filed a motion seeking permission to do so, and, therefore, this issue is not before the Court.

Because Plaintiffs failed to obtain permission from the Court prior to filing their third amended complaint, this document (ECF No. 552) is hereby **STRICKEN** from the record, and the second amended complaint remains the operative pleading.

The Court previously stayed the deadlines for responding to the partial motions to dismiss pending the ruling on the third amended complaint. That stay is now lifted. Plaintiffs will have twenty-eight (28) days from the entry of this order in which to respond to Defendant Newport's partial motion to dismiss. (ECF No. 521.) Defendant Newport will then have fourteen (14) days in which to file a reply. Likewise, Plaintiffs will have twenty-eight (28) days from the entry of this order in which to respond to Defendant Symetra's partial motion to dismiss. (ECF No. 525.) Defendant Symetra will then have fourteen (14) days in which to file a reply.

Plaintiffs and Defendant AMEC have agreed to stay the briefing on AMEC's partial motion to dismiss (ECF No. 522) pending finalizing a settlement between the two parties. That stay remains in place until further notice.

**IT IS SO ORDERED.**

                                              s/ S. Thomas Anderson
                                              S. THOMAS ANDERSON
                                              UNITED STATES DISTRICT JUDGE

                                              Date:   November 4, 2024.