IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| IN RE: AME CHURCH EMPLOYEE RETIREMENT FUND LITIGATION | MDL Docket No. 1:22-md-03035-STA-jay<br><br>ALL CASES<br><br>Honorable S. Thomas Anderson |

### ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENTS WITH AME DEFENDANTS AND DEFENDANT NEWPORT GROUP, INC.

This matter comes before the Court on Plaintiffs' Motion for Preliminary Approval of Settlements with the AME Defendants and Defendant Newport Group, Inc. The Court having considered the Motion and supporting materials finds good cause to grant preliminary approval of the settlement between Plaintiffs and the AME Defendants and of the settlement between Plaintiffs, the AME Defendants, and Newport on the following terms:

1.     As herein, "Plaintiffs" are Plaintiffs Rev. Pearce Ewing, Rev. Charles R. Jackson, Presiding Elder Cedric V. Alexander, Rev. Derrell Wade, Rev. Reuben J. Boyd, Presiding Elder Phillip Russ, IV, Lynette Glenn, Guardian of Rev. Marcius King, Rev. Matthew Ewing, Candace L. Carmichael, as Administrator of the Estate of Rev. A. Offord Carmichael, Deceased, and Rev. Diane Conley. "AME Defendants" refers collectively to African Methodist Episcopal Church ("AMEC"), AMEC Ministerial Retirement Annuity Plan, AMEC Department of Retirement Services, AMEC General Board, and AMEC Council of Bishops. "Newport" refers to Defendant Newport Group, Inc. "Settling Defendants" refers collectively to the AME Defendants and Newport. "Settling Parties" refers collectively to Plaintiffs, the AME Defendants, and Newport. The "AME Settlement" refers to the settlement reached between Plaintiffs and the AME

Defendants on all of Plaintiffs' claims asserted against the AME Defendants in this Action. The "AME Agreement" refers to the November 27, 2024 Class Action Settlement Agreement and Release executed by Plaintiffs and the AME Defendants. The "Newport Settlement" refers to the settlement reached between Plaintiffs, the AME Defendants, and Newport on all of Plaintiffs and the AME Defendants' claims asserted against Newport in this Action. The "Newport Agreement" refers to the March 4, 2025 Class Action Settlement Agreement and Release executed by Plaintiffs, the AME Defendants, and Newport.

2.  The Court preliminarily approves the AME Settlement and the AME Agreement as well as the Newport Settlement and the Newport Agreement as sufficiently fair, adequate, and reasonable, and allows dissemination of the Long Form Notices to the members of the proposed Class under Rule 23(e) of the Federal Rules of Civil Procedure ("Rule 23"), subject to further consideration at the Fairness Hearing. This determination is not a final finding that the AME Agreement or the Newport Agreement is fair, adequate, and reasonable.

3.  The Court appoints Plaintiffs as the Class Representatives for purposes of both the AME Settlement and the Newport Settlement.

4.  The Court appoints as Class Counsel the law firms of Milberg Coleman Bryson Phillips Grossman, PLLC, Osborne & Francis Law Firm, PLLC, Stranch Jennings & Garvey, PLLC, Kantor & Kantor, LLC, Lieff Cabraser Heimann & Bernstein, LLP, Blue, LLP, Wright & Schulte, LLC, and the AARP Foundation for purposes of both the AME Settlement and the Newport Settlement. Solely for purposes of effectuating the Settlements, Class Counsel are authorized to act on behalf of the Class Representatives and all other Class Members with respect to all acts or consents required by or that may be given pursuant to the AME Agreement and the Newport Agreement, including all acts that are reasonably necessary to consummate the AME

Settlement and the Newport Settlement, subject to final approval by the Court of the AME Settlement and the Newport Settlement.

5. Pursuant to Rule 23, the Court conditionally certifies the following Class for purposes of the AME Settlement and the Newport Settlement only:

> Class: All persons who were participants, or were those participants' respective beneficiaries entitled to benefits, in the African Methodist Episcopal Church Ministerial Retirement Annuity Plan on June 30, 2021. Defendants are excluded from the Class.

6. The prerequisites to conditionally certifying a class under Rule 23(a) are satisfied in that:

   a. The members of the Class defined in the AME Agreement and the Newport Agreement are so numerous as to make joinder impracticable. The Class is estimated to have approximately 4,452 members;

   b. There are questions of law or fact common to the Class;

   c. The claims or defenses of the Class Representatives are typical of the claims or defenses for the Class Members; and

   d. The Class Representatives and Class Counsel will fairly and adequately protect the interests of the Class Members.

7. For purposes of effectuating the proposed AME Settlement and the Newport Settlement only, the Court finds, pursuant to Rule 23(e)(1), that the prerequisites for class certification under Federal Rule of Civil Procedure 23(b)(3) are likely to be satisfied because the questions of law or fact common to the Class predominate over individual questions and class action litigation is superior to other available methods for the fair and efficient adjudication of this controversy.

8. The Court retains exclusive jurisdiction over this action to consider all further

matters arising out of or connected with the AME Settlement and the Newport Settlement.

### Administration and Notice to the Class

9.     The Court appoints Verita Global, LLC as Settlement Administrator for the AME Settlement and the Newport Settlement. The Settlement Administrator shall supervise and administer the notice procedures, establish and operate the Settlement Website, execute the Plan of Distribution as detailed in both the AME Agreement and the Newport Agreement, and perform any other duties that are reasonably necessary and/or provided for in the AME Agreement and the Newport Agreement.

10.    All costs and expenses of settlement administration shall be paid out of the interest earned on the Settlement Amounts in the Qualified Settlement Fund pursuant to the provisions of the AME and Newport Settlement Agreements. To the extent the costs and expenses of settlement administration exceed the amount of interest earned in the Qualified Settlement Fund, the AME Defendants shall pay those additional costs and/or expenses of the settlement administration.

11.    The Court approves the form and content of the proposed Long Form Notices submitted for approval at Docket Number 750-5 and 750-6 and finds that its dissemination, via U.S. mail and email, to all Class Members is appropriate upon entry of this Order granting preliminary approval of the AME Settlement and the Newport Settlement. After carefully reviewing these documents and plan of dissemination, the Court concludes that the proposed Class Notices satisfy the requirements set forth in Fed. R. Civ. P. 23(C)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto of the pendency of the Action, the effect of the proposed AME Settlement and Newport Settlement (including the releases contained therein), the proposed Plan of Distribution, and Class Members' rights to participate in, opt out of, or object to any aspect of

the proposed Settlements.

12.     Pursuant to Section 7.3 of the AME Agreement and the Newport Agreement, the Settlement Administrator shall complete dissemination of the Notices within thirty calendar days from the entry of this Preliminary Approval Order (the "Notice Date"). On or before the Notice Date, the Settlement Administrator shall complete the distribution of the Long Form Notices (via email and mail), and establish the Settlement Website which shall contain relevant documents relating to the AME Settlement and the Newport Settlement such as the Long Form Notice, the Second Consolidated Amended Complaint filed in this Action, the AME Agreement, the Newport Agreement, the Preliminary Approval Order, any briefs filed by Plaintiffs and Defendants in support of the AME Settlement and the Newport Settlement, and the proposed Final Approval Order and Judgment.

13.     Class Members who wish to object to the AME Settlement and/or the Newport Settlement shall provide: (1) their full name; (2) their address; (3) the telephone number and email address where they may be contacted; (4) all grounds for the objection, with specificity and with factual and legal support for each stated ground; (5) the identity of any witnesses they may call to testify; (6) copies of any exhibits that they intend to introduce into evidence at the Fairness Hearing; (7) a statement of the identity (including name, address, law firm, phone number and email) of any lawyer who will be representing the individual with respect to any objection; (8) a statement of whether they intend to appear at the Fairness Hearing with or without counsel; and (9) a statement as to whether the objection applies only to the objector and a specific subset of the Class, or the entire Class; and (10) a statement as to whether the Class Member is objecting to the AME Settlement and/or the Newport Settlement.  Each objection must: (a) be in writing and signed by the objector; (b) clearly identify the case name and number (i.e. "*In Re: AME Church Employee*

5

*Retirement Fund Litigation*, Case No. 1:22-md-3035-STA-jay (W.D. Tenn.). "); (c) be mailed to the Court (or filed with the Court in person) at the following address, and (d) filed or postmarked on or before the Objection Deadline of 60 days after the Notice Date. Objections that are mailed to the Court should be addressed as follows:

> U.S. District Court
> Western District of Tennessee, Eastern Division
> James D. Todd United States Courthouse
> 111 South Highland Ave.
> Jackson, TN 38301

14. Any Class Member who does not submit a valid and timely written objection in accordance with these procedures and the procedures detailed in "Section 8.0 Opt-Outs and Objections" of the AME Agreement and the Newport Agreement shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed AME Settlement, the proposed Newport Settlement, this Order, and the proposed Final Approval Order and Judgment to be entered upon a ruling of this Court finally approving the AME Settlement and the Newport Settlement.

15. Any Class Member who seeks to be excluded from the conditionally certified Class as to either the AME Settlement and/or the Newport Settlement must submit a Request for Exclusion that includes: (1) their full name, last four digits of their social security number, address, and telephone number where they may be contacted; and (2) a statement that they wish to be excluded from the Class as to either the AME Settlement and/or the Newport Settlement in a form that substantially complies with one of the following three statements:

    a. "I, [NAME], voluntarily choose not to participate in the settlement of the Class Action against the AME Defendants and hereby waive any rights that I may have to participate in the class settlement with the AME Defendants in the

6

        federal court lawsuit entitled *In re: AME Church Employee Retirement Fund Litigation*, Case No. 1:22-md-3035-STA-jay."

    b.    "I, [NAME], voluntarily choose not to participate in the settlement of the Class Action against Defendant Newport and hereby waive any rights that I may have to participate in the class settlement with Defendant Newport in the federal court lawsuit entitled *In re: AME Church Employee Retirement Fund Litigation*, Case No. 1:22-md-3035-STA-jay."

    c.    "I, [NAME], voluntarily choose not to participate in either the settlement of the Class Action against the AME Defendants or in the settlement of the Class Action against Defendant Newport and hereby waive any rights that I may have to participate in the class settlements with the AME Defendants and Defendant Newport in the federal court lawsuit entitled *In re: AME Church Employee Retirement Fund Litigation*, Case No. 1:22-md-3035-STA-jay."

The Request for Exclusion must be (a) in writing and signed with the requestor's signature in writing or via DocuSign or an equivalent verified electronic method, (b) mailed to the Settlement Administrator at the address in the Notice to the Class, and (c) postmarked on or before the Opt-Out Deadline of 60 days after the Notice Date.

    16.    Each Request for Exclusion can only request exclusion for that one Class Member and must specify if the Class Member is opting out of the AME Settlement, the Newport Settlement, or both Settlements. If a Class Member does not specify which Settlement they are requesting exclusion from, that Class Member will be treated as having opted out of both Settlements. Any Class Member who does not submit a valid and timely Request for Exclusion specifying which Settlement(s) that Class Member is opting out of shall be considered a member

of the Settlement Class as defined in the AME Agreement and the Newport Agreement and bound by the terms of the AME Agreement and the Newport Agreement upon the entry of a Final Approval Order and Judgment finally approving the AME Settlement and the Newport Settlement.

### Fairness Hearing

16.     The Fairness Hearing shall be held by the Court on June 26, 2025, at 10:00 a.m., in Courtroom 1 of the United States District Court for the Western District of Tennessee, located at James Todd Courthouse, 111 South Highland Avenue, Jackson, TN 38301.

17.     At or after the Fairness Hearing, the Court will determine whether: (1) the requirements for certification of the Settlement Class have been met; (2) the proposed AME Settlement on the terms set forth in the AME Agreement should be approved as fair, reasonable, adequate, and in the best interest of the Settlement Class Members; (3) the proposed Newport Settlement on the terms set forth in the Newport Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class Members; (4) a Final Approval Order and Judgment approving the AME Settlement and dismissing Plaintiffs' claims against the AME Defendants with prejudice should be entered; and (5) a Final Approval Order and Judgment approving the Newport Settlement and dismissing Plaintiffs and the AME Defendants' claims against Newport with prejudice should be entered.

18.     The Court may continue or adjourn the Fairness Hearing without further notice to the Settlement Class. The Court may finally approve the AME Settlement, with such modifications as may be agreed to by Plaintiffs and the AME Defendants, if appropriate, without further notice to members of the Settlement Class. The Court may finally approve the Newport Settlement, with such modifications as may be agreed to by Plaintiffs, the AME Defendants, and Newport, if appropriate, without further notice as to members of the Settlement Class.

19. On or before sixty (60) days after the entry of the Notice Date, members of the Class shall submit any Objections in accordance with paragraph 13 of this Order (the "Objection Deadline").

20. On or before sixty (60) days after the entry of the Notice Date, members of the Class shall submit any Requests for Exclusion, in accordance with paragraph 15 of this Order (the "Opt-Out Deadline").

21. On or before thirty (30) days after the Notice Date, Class Counsel shall file all papers in support of a Motion for Attorneys' Fees, Costs, and Service Awards.

22. On or before fourteen (14) days prior to the Fairness Hearing, Class Counsel shall file all papers in support of a Motion for Final Approval of the AME Settlement and the Newport Settlement.

23. On or before fourteen (14) days prior to the Fairness Hearing, Class Counsel shall file any responses to any objections to final approval of the AME Settlement and/or the Newport Settlement.

24. Objections by any Class Member to the final approval of the AME Settlement and/or the Newport Settlement shall be considered by the Court at the Fairness Hearing if such Class Member files with the Court a notice of his or her objections in accordance with paragraph 13 of this Order and states the basis for such objections, by the Objection Deadline, or as otherwise permitted by the Court.

25. The following timeline summarizes the deadlines set by the Court:

| Event | Deadline |
|---|---|
| Settlement Administrator to disseminate Notice ("Notice Date") | Thirty (30) days after entry of the Preliminary Approval Order |
| Deadline to file Motion for Attorneys' Fees, Costs, and Service Awards | Thirty (30) days after the Notice Date |
| Deadline for Class Members to Submit Objections ("Objection Deadline") | Sixty (60) days after the Notice Date |
| Deadline for Class Members to submit Requests for Exclusion ("Opt-Out Deadline") | Sixty (60) days after the Notice Date |
| Deadline to file Motion for Final Approval of the AME Settlement and the Newport Settlement | Fourteen (14) days prior to the Fairness Hearing |
| Deadline to respond to Objections to final approval of the AME Settlement and/or Newport Settlement | Fourteen (14) days prior to the Fairness Hearing |
| Fairness Hearing | Ninety (90) days after the Notice Date |

26.    The Settling Defendants' responses to Plaintiffs' Second Consolidated Amended Complaint and any ruling thereon, including Newport's Partial Motion to Dismiss the Second Consolidated Amended Complaint and any briefing relating to the AME Defendants' Partial Motion to Dismiss the Second Consolidated Amended Complaint, is stayed until further order of this Court.

27.    Neither this Order nor the AME Agreement or the Newport Agreement, nor any of their respective terms or provisions, may be admissible as evidence, offered as evidence, or cited or referred to by Plaintiffs, the AME Defendants, or Newport in any action or proceeding, except in an action or proceeding brought to enforce the terms of either the AME Agreement or the Newport Agreement or by the AME Defendants in defense of any claims brought by Plaintiffs or

10

any members of the Settlement Class or by Newport in defense of any claims brought by Plaintiffs or any members of the Settlement Class.

28.     If the Court conditions its entry of either the Preliminary Approval Order or the Final Approval Order and Judgment on any material modifications of the AME Agreement that are not acceptable to either Plaintiffs or the AME Defendants, or if the Court does not approve the AME Settlement or enter a Final Approval Order and Judgment on the same, or if the AME Settlement fails to become effective as defined in the Settlement Agreement or is terminated, then in any such event, the AME Agreement, including any amendment(s) thereof, shall be null and void, of no further force and effect, and without prejudice to any Party, and Plaintiffs and the AME Defendants shall be deemed to have reverted to their respective litigation positions regarding Plaintiffs' claims asserted against the AME Defendants in the Second Consolidated Amended Complaint.

29.     If the Court conditions its entry of either the Preliminary Approval Order or the Final Approval Order and Judgment on any material modifications of the Newport Agreement that are not acceptable to either Plaintiffs, the AME Defendants, or Newport, or if the Court does not approve the Newport Settlement or enter a Final Approval Order and Judgment on the same, or if the Newport Settlement fails to become effective as defined in the Newport Agreement or is terminated, then in any such event, the Newport Agreement, including any amendment(s) thereof, shall be null and void, of no further force and effect, and without prejudice to any Party, and Plaintiffs, the AME Defendants, and Newport shall be deemed to have reverted to their respective litigation positions regarding Plaintiffs' claims asserted against Newport in the Second Consolidated Amended Complaint and regarding the AME Defendants' claims asserted against Newport in their Second Amended Cross Complaint.

**IT IS SO ORDERED**.

        **s/ S. Thomas Anderson**
        S. THOMAS ANDERSON
        UNITED STATES DISTRICT JUDGE

        Date: March 24, 2025