**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: AME CHURCH EMPLOYEE | ) | **Lead Case No.** |
| RETIREMENT FUND LITIGATION, | ) | **1:22–md–03035–STA–jay** |
| | ) | |
| | ) | **ALL CASES** |

---

**ORDER GRANTING IN PART, DENYING IN PART PLAINTIFFS' MOTION FOR
SANCTIONS (ECF No. 840)**

---

Before the Court is Plaintiffs Pearce Ewing *et al*.'s Motion for Sanctions (ECF No. 840) filed June 12, 2025. Plaintiffs seek sanctions against Defendant Symetra Life Insurance ("Symetra") for Symetra's failure to supplement its discovery responses in a timely manner.[1] The parties have fully briefed the issues, and on August 26, 2025, the Court held a hearing on the Motion. For the reasons set forth below, the Motion for Sanctions is **GRANTED in part, DENIED in part**.

## BACKGROUND

### I. **Factual Background**

This multidistrict litigation concerns losses to a non-ERISA retirement plan established by the African Methodist Episcopal Church ("AMEC") for its clergy and employees. Plaintiffs are current or retired clergy of the church and allege a number of claims under state law against the denomination, church officials, third-party service providers to the plan, and other alleged tortfeasors. The Court has set out the full procedural history of the case in its previous orders and

---

[1] Plaintiffs filed a separate Rule 11 Motion for Sanctions (ECF No. 903) on August 11, 2025. Plaintiffs' Rule 11 Motion largely incorporates the same arguments found in its Rule 37 Motion for Sanctions. Plaintiffs explain they filed the Rule 11 Motion after the Rule 37 Motion to comply with the Rule 11's safe harbor provision and gave Symetra 21 days to withdraw the filing at issue. Symetra did not withdraw its papers and responded in opposition to the Rule 11 Motion on August 25, 2025. The Court reserves its ruling on the Rule 11 Motion for a later time.

need not review it in full here.  For purposes of deciding the Motion for Sanctions, the following
procedural events are most relevant.

Briefly, as part of their Second Consolidated Amended Complaint–Class Action (ECF No.
493, as corrected ECF No. 494) ("the Second Amended Complaint"), Plaintiffs allege their claims
"individually, derivatively on behalf of the Plan, and on behalf of the Class" of similarly situated
plan participants and beneficiaries.  In a previously filed motion to dismiss or stay the claims of
the Second Amended Complaint (ECF No. 525), Symetra moved to dismiss the negligence and
breach of fiduciary duty claims Plaintiffs alleged individually and the class action claims alleged
on behalf of the plan participants, arguing that Symetra owed no direct duty of care to individual
participants or beneficiaries of the plan.  Symetra also filed a supplement to its motion to dismiss
(ECF No. 756) and argued that AMEC's crossclaims on behalf of the plan and Plaintiffs' derivative
claims on behalf of the plan were duplicative.  Just as it had at an earlier stage of the case,[2] Symetra
argued Plaintiffs lacked the capacity to sue on behalf of the plan and requested that the Court
dismiss Plaintiffs' derivative claims.

The Court ruled on Symetra's motion to dismiss in an order entered on April 14, 2025.  *See*
Order Granting in Part, Denying in Part Symetra's Motion to Stay or Dismiss, Apr. 14, 2025 (ECF
No. 785).  While acknowledging the significance of the capacity issue raised by Symetra, the Court
declined to reach it on the pleadings and where Symetra had argued the issue in a supplement to
its motion.  Instead, the Court found "that the better course is to take the issue up at summary

---

[2] Symetra moved to dismiss Plaintiffs' original First Amended Complaint for lack of
Article III standing to sue on behalf of the plan.  The Court rejected that argument and concluded
that the question pertained to Plaintiffs' capacity to sue on behalf of the Plan, an affirmative
defense on which Symetra bore the burden of proof.  Viewing the allegations of the First Amended
Complaint in a light most favorable to Plaintiffs, the Court held that the facts alleged did not
establish Symetra's affirmative defense on the capacity issue and denied its motion to dismiss.

judgment with a fully developed evidentiary record and an opportunity for each side to present all of their arguments on this point in one round of briefing." *Id*. at 25. The Court therefore denied Symetra's motion to dismiss the Second Amended Complaint's derivative claims without prejudice to Symetra's right to present its arguments in a later motion for summary judgment.

Symetra subsequently returned to the issue, once more in a motion to dismiss. On June 6, 2025, Symetra filed a motion to dismiss Plaintiffs' derivative claims based on real party-in-interest and capacity requirements under Federal Rule of Civil Procedure 17 (ECF No. 829). As part of its Rule 12(b)(6) motion, Symetra included an unauthenticated exhibit titled "Certificate of Incumbency and Authority of Executive Director of the AME Church Department of Retirement Services and Trustee of the AME Church Retirement Plan" (ECF No. 829-2) (hereinafter "the Blackwell Certificate" or "the Certificate"). Symetra relied on the Certificate to support its argument that Rev. Brian K. Blackwell, the current Executive Director of the AMEC Department of Retirement Services, is the trustee of the plan. Symetra argued the trustee is the real party-in-interest, meaning Plaintiffs lack the capacity to bring their derivative claims on behalf of the plan as long as the trustee of the plan was taking action to protect the plan's interests. Symetra therefore moved for the dismissal of Plaintiffs' derivative claims so that Rev. Blackwell could pursue the plan's claims against Symetra.[3]

The Certificate bears the letterhead of the AMEC Department of Retirement Services and purports to contain attestations and certifications made by Bishop Marvin C. Zanders, the chairman of the AMEC Commission on Retirement Services. Bishop Zanders certified that Rev. Blackwell was elected as the Executive Director of the AMEC Department of Retirement Services on August

---

[3] Symetra later filed a motion to appoint a trustee ad litem (ECF No. 904). The parties' briefing on that motion is ongoing.

3

26, 2024.  According to Bishop Zanders, Rev. Blackwell in his capacity as the newly elected Executive Director "is a Trustee of the AME Church Retirement Plan and is therefore authorized to receive information from and provide written instructions to Symetra" concerning the Church's group variable annuity account with Symetra.  Blackwell Certif. ¶ 2(b).  Bishop Zanders added that Dr. James F. Miller, the incumbent, was no longer "a Trustee" of the plan and therefore no longer had any authority to receive information and issue directives concerning the plan.  *Id*. ¶ 2(c).

The Certificate purports to contain the digital signatures of Bishop Zanders, Rev. Blackwell, and Douglass P. Selby, Esq., General Counsel of AMEC, though only Bishop Zanders's digital signature was subscribed to the attestations and certifications.  Mr. Selby separately certified that Bishop Zanders was the Chairman of the Commission on Retirement Services and that Rev. Blackwell was the Executive Director of the Department of Retirement Services and that both men were "duly authorized to act on behalf of and bind" AMEC.  *Id*. ¶ 4.  For his part Rev. Blackwell attested to or certified no facts.  Rev. Blackwell signed the Certificate with his digital signature to provide a "specimen signature."  *Id*. ¶ 3.

## II.  <u>Plaintiffs' Motion for Sanctions Under Rule 37 and the Court's Inherent Authority</u>

Plaintiffs seek sanctions against Symetra because Symetra did not produce the Blackwell Certificate in the course of discovery.  According to Plaintiffs, Symetra was responsible for procuring the Certificate from church officials in September 2024.  Plaintiffs argue the Certificate was discoverable and responsive to discovery requests made by Plaintiffs as far back as September 2022.  Symetra, though, never supplemented its discovery responses to produce the Certificate.  Not only had Symetra had the document in its possession for months before using it to support its motion to dismiss, Symetra opposed Plaintiffs' motion to compel the production of all documents

from the arbitration between AMEC and Symetra.  Plaintiffs only received the Certificate because
the Magistrate Judge granted Plaintiffs' motion to compel and ordered AMEC to produce the
documents from the arbitration.  AMEC produced a copy of the Certificate to Plaintiffs in April
2025.[4]  By that time the parties had already deposed Symetra's Rule 30(b)(6) representative and
fact discovery had closed.  Plaintiffs argue that sanctions are warranted based on Symetra's failure
to meet its discovery obligations, specifically its duty to supplement discovery in a timely manner
pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

Plaintiffs go further and emphasize that Symetra presented the Certificate as part of its
court filing but omitted critical information or made misleading statements about the Certificate's
provenance.  Plaintiffs cite proof that Symetra actually prepared the Certificate and requested that
Rev. Blackwell (and other church leaders) sign the document and return it to Symetra on AMEC
letterhead.  According to Plaintiffs, Rev. Blackwell gave testimony as part of the arbitration
between Symetra and AMEC and addressed the Certificate.  Rev. Blackwell explained that
Symetra had required him to complete the Certificate upon his election as the new Executive
Director of the AMEC Department of Retirement Services in 2024.  Symetra informed Rev.
Blackwell it was necessary for him to sign the Certificate before Rev. Blackwell could obtain
information from Symetra about the plan's annuities or direct the disposition of plan assets held
by Symetra.  Rev. Blackwell also testified that Symetra told him his predecessor Dr. James Miller
had completed a similar document.[5]  Rev. Blackwell signed the Certificate even though he had

---

[4] Plaintiffs moved for the Court to compel AMEC to produce the discovery materials from
the arbitration, not Symetra.  *See* Pls.' Mot. to Compel Arbitration Materials Responsive to Pls.'
Third Set of Discovery Requests Dec. 10, 2024 (ECF No. 615).  The Magistrate Judge granted
Plaintiffs' motion over Symetra's objections.  Order Granting Pls.' Mot. to Compel, Mar. 27, 2025
(ECF No. 777).

[5] Plaintiffs claimed in their brief that no such document identifying Dr. Miller as a trustee

concerns about the document and did not believe he was the trustee of the plan. Rev. Blackwell testified that the plan has a trust committee, not an individual trustee, and that AMEC had not appointed Rev. Blackwell trustee or authorized him to act as such. Plaintiffs argue then that Defendants' omission of this context-framing information about the Certificate is misleading and raises questions about Symetra's failure to inform the Court about Symetra's role in requesting the Certificate from Rev. Blackwell and in drafting the language for the Certificate.

Plaintiffs also highlight the fact that Symetra's communications with Rev. Blackwell all occurred outside the chain of communication with litigation counsel in the MDL. In fact, when Rev. Blackwell's predecessor, Dr. Miller, had inquired with Symetra about certain plan transactions in June 2024, Symetra's litigation counsel raised objections with AMEC's litigation counsel and advised that Dr. Miller should channel future inquiries of the sort through litigation counsel. By contrast just a few months later, Symetra did not work through counsel and wrote directly to Rev. Blackwell and requested that he complete the Certificate, using language drafted

---

existed. As part of its response to Plaintiffs' Rule 11 Motion, Symetra produced a certificate (ECF No. 917-1) signed by Dr. Miller in 2022 ("the Miller Certificate"). The Miller Certificate contains a number of statements about the plan: (1) that the Church is governed by its Book of Discipline; (2) that the Book of Discipline designates the Commission on Retirement Service of the General Board as the "trust committee for the annuity coverage" for AMEC; (3) that the Executive Director of the Department of Retirement Services is a general officer of the Church "vested with the responsibility for overseeing and directing the Department of Retirement Services and the investment of Retirement Funds" held by the Department; and (4) "Dr. James F. Miller is the duly elected Executive Director of the Department of Retirement Services" and "an authorized representative" of the plan with the authority "to provide written instructions to Symetra Life Insurance Company as to the Group Variable Annuity (LP1118594)." Miller Certificate, ex. A to Symetra's Resp. in Opp'n to Mot. for Sanctions (ECF No. 917-1). The document contains no representations about Dr. Miller being "a Trustee" of the plan.

Counsel for Plaintiffs acknowledged at the motion hearing that Symetra had produced the Miller Certificate as part of a supplemental production of discovery on July 31, 2025, after Plaintiffs had filed their Rule 37 Motion for Sanctions.

by Symetra.  This additional context, in Plaintiffs' view, only underscores why Plaintiffs believe

Symetra's conduct related to the Certificate was inappropriate.

Plaintiffs argue that the following sanctions are warranted: (1) a stay of Plaintiffs' deadline

to respond to Symetra's motion to dismiss;[6] (2) an order prohibiting Symetra from introducing the

Blackwell Certificate into evidence and striking it as an exhibit to the motion to dismiss; (3)

striking Symetra's motion to dismiss; (4) striking Symetra's affirmative defenses on the capacity

issue; (5) permitting Plaintiffs the opportunity to depose the Symetra employee, Jeff Bailey, who

communicated with Blackwell and provided him with the form language used in the Certificate;

and (6) an award of fees and costs.

Symetra has responded in opposition.  According to Symetrea, AMEC produced the

Blackwell Certificate to Plaintiffs in April 2025.  Symetra believes this disclosure negated its duty

to supplement under Rule 26(e).  Symetra also relies on a ruling issued by the Magistrate Judge in

deciding a dispute between AMEC and Symetra over the temporal scope of Symetra's duty to

produce discoverable documentary evidence.  AMEC had served Symetra with its discovery

requests in October 2023.  Symetra responded to the request by producing only documents in

existence through the time litigation commenced in 2022.  The Magistrate Judge ruled that Symetra

had to produce all documents through the date when AMEC served its discovery requests, that is,

through October 2023.  Symetra now takes the position that in light of the Magistrate Judge's

ruling, its duty to produce and supplement discovery only applies to documents in existence as of

October 2023 and no later.

Even if Rule 26(e) required Symetra to produce the Blackwell Certificate sooner, Symetra

---

[6] The Court granted Plaintiffs' request for a stay of their response deadline to Symetra's
motion to dismiss at a status conference on June 26, 2025, not as a sanction but as an exercise of
the Court's discretion to ensure the orderly presentation of the issues.

argues its failure to do so was harmless. AMEC produced the Certificate in April 2025. Plaintiffs cannot claim surprise, and even if they had, any surprise has now been cured. Plaintiffs subsequently obtained more background evidence about the circumstances of the Blackwell Certificate from AMEC. Symetra adds that no other party to the litigation has supplemented its discovery production to date, including Plaintiffs. So even if Plaintiffs could show that sanctions are warranted, the relief requested is excessive.

Plaintiffs have filed a reply brief. Plaintiffs counter that Symetra had a clear duty pursuant to Rule 26(e) to supplement its discovery production. The Magistrate Judge's order did not alter that obligation. As for the supplemental discovery Symetra has requested from Plaintiffs, Plaintiffs respond that they have produced everything Symetra has asked for. The Blackwell Certificate has obvious significance for the case. Plaintiffs argue that the document is currently the only evidence produced in discovery that shows Blackwell as a trustee of the plan. Plaintiffs reiterate their argument that the late production of the Certificate prevented them from questioning witnesses about it during their depositions.

## **STANDARD OF REVIEW**

Plaintiffs seek sanctions against Symetra for its failure to supplement its discovery responses pursuant to Rule 26(e) and disclose the Blackwell Certificate prior to using it as evidentiary support for its motion to dismiss Plaintiffs' derivative claims. Federal Rule of Civil Procedure 26(e) requires a party who has made initial disclosures or responded to a request for production to supplement or correct its disclosure or response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e); *see also* Case Mgmt. Order 2,

Aug. 25, 2022 (ECF No. 78) ("Supplementations are due as required by Rule 26(e).").

"Rule 26(e) imposes an ongoing duty on parties to supplement disclosures." *House v. Player's Dugout, Inc.*, No. 22-5843, 2024 WL 495998, at *9 (6th Cir. Feb. 8, 2024). "The default rule is . . . that a party has a duty to supplement [its] discovery response if [it] learns that [its] response is in some material respect incomplete or incorrect." *Taylor v. Union Inst.*, 30 F. App'x 443, 451 (6th Cir. 2002). Rule 26(e) does not define what constitutes "a timely manner." As other courts have observed, the phrase "necessarily depend[s] on the facts and circumstances of each case." *EEOC v. Dolgencorp, LLC*, 196 F. Supp. 3d 783, 795 (E.D. Tenn. 2016) (citation omitted), *aff'd*, 899 F.3d 428 (6th Cir. 2018). At the very least, parties must supplement "periodically in a fashion that will allow [the opposing party] to conduct meaningful discovery and avoid undue delay in the progress of [the] case." *Id.* (quoting *U.S. ex rel. Fry v. Guidant Corp.*, No. 3:03–0842, 2009 WL 3103836, at *4 (M.D. Tenn. Sept. 24, 2009)); *see also Manual on Complex Litigation (Fourth)* § 11.13 ("Rule 26(e)(1) requires parties to correct or supplement disclosures at appropriate intervals if they learn that the information (even if correct when supplied) is materially incomplete or incorrect, unless they have already informed the other party of the corrective or additional information during discovery or in writing."). At bottom, Rule 26(e), "was intended to ensure prompt disclosure of new information, not to allow parties to spring late surprises on their opponents under the guise of a 'supplement' to earlier disclosures." *Thomas v. McDowell*, No. 2:10-cv-152, 2014 WL 5305501, at *1 (S.D. Ohio Oct. 15, 2024) (quoting *Barlow v. Gen. Motors Corp.*, 595 F. Supp. 2d 929, 935–36 (S.D. Ind. 2009)).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ.

9

P. 37(c)(1). The Sixth Circuit has adopted five factors to determine whether a party's failure to make a required disclosure is "substantially justified" or "harmless": (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence. *Howe v. City of Akron*, 801 F.3d 718, 747–48 (6th Cir. 2015). The Court of Appeals has commented that the *Howe* factors exist to distinguish "honest" or harmless mistakes from "underhanded gamesmanship." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219–20 (6th Cir. 2019). "[The] Advisory Committee Notes to [the] 1993 Amendments (including Rule 37(c)(1)) . . . strongly suggest[ ] that 'harmless' involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Vance ex rel. Hammons v. United States*, 182 F.3d 920, 1999 WL 455435, at *5 (6th Cir. June 25, 1999) (unpublished table opinion).

In addition to or in lieu of the exclusion of the nondisclosed evidence, Rule 37(c)(1) also authorizes the Court to "order payment of the reasonable expenses, including attorney's fees, caused by the failure;" "inform the jury of the party's failure;" and "impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37(c)(1). And Rule 37(b)(2)(A) makes the following additional sanctions available to the Court:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party[.]

Fed. R. Civ. P. 37(b)(2)(A). "Because failures to produce relevant evidence fall along a continuum

of fault—ranging from innocence through the degrees of negligence to intentionality—the severity of a sanction may, depending on the circumstances of the case, correspond to the party's fault." *Adkins v. Wolever*, 554 F.3d 650, 652–53 (6th Cir. 2009) (cleaned up).

Plaintiffs also seek sanctions as an exercise of the Court's inherent authority. The Court has the inherent authority to sanction discovery abuse but only "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons" or "when the conduct is tantamount to bad faith." *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980)). The United States Supreme Court has held that "the inherent power of a court can be invoked even if procedural rules exist which sanction the same conduct." *Chambers,* 501 U.S. at 49. And even though federal courts "ordinarily should rely on the Rules rather than the inherent power," *id.* at 50, the Sixth Circuit has read *Chambers* "broadly to permit the district court to resort to its inherent authority to sanction bad-faith conduct, even if the court has not expressly considered whether such conduct could be sanctioned under all potentially applicable rules or statutes." *Metz*, 655 F.3d at 491 (quoting *First Bank of Marietta v. Hartford Underwriters Ins. Co.,* 307 F.3d 501, 514 (6th Cir. 2002)).

## **ANALYSIS**

The issue presented is whether Symetra violated its duty to supplement under Rule 26(e) and if so, what sanctions Symetra's conduct warrants. As a general rule, courts decide whether a party violated its Rule 26(e) duty by looking at "whether the supplementation occurred within thirty days of obtaining the information and whether the party supplemented the disclosure before discovery closed." *Riverfront Dev., Inc. v. Wepfer Marine, Inc.*, No. 2:16-cv-02553-SHL-cgc, 2018 WL 3043325, at *5 (W.D. Tenn. May 14, 2018) (citing *Dolgencorp*, 196 F. Supp. 3d at 795).

Although the inquiry remains highly fact dependent, a party likely violated its duty to supplement under Rule 26(e) if the party knew it had discoverable information in its possession and disclosed it as a supplemental response after the discovery deadline in the case had passed.  *Dolgencorp, LLC*, 196 F. Supp. 3d at 795.

The Court holds that Symetra failed to comply with its duty to supplement its discovery responses in a timely manner for purposes of Rule 26(e).  Symetra came into possession of the Blackwell Certificate in September 2024, at a time when fact discovery was still ongoing.  The Court extended the fact discovery deadline at the October 2024 status conference, in large part to allow the parties more time to complete depositions.[7]  That included the deposition of Symetra's Rule 30(b)(6) representative Kelli Fiechtner.  Symetra had obtained the Blackwell Certificate in September 2024 and deposed Rev. Blackwell about it at a deposition in October 2024 during the course of the arbitration proceedings.  Plaintiffs took Fiechtner's deposition in the MDL on November 6, 2024.  And yet Symetra did not supplement its discovery responses to produce the Blackwell Certificate to Plaintiffs in time for Fiechtner's Rule 30(b)(6) deposition.

This is not to say that a party must always supplement within 30 days of obtaining information, particularly in complex litigation.  Discovery in this case has been voluminous, extended, and complex, to say the least, frequently involving the production of thousands of pages of documents.  The parties did not propose, and the Court did not adopt, specific dates or intervals for the periodic supplementation of discovery responses. *Manual on Complex Litigation (Fourth)* § 11.212 ("[T]o maintain order and clarify counsel's responsibilities, the scheduling order may

---

[7] The Court subsequently granted a short extension of the deadline by written order (ECF No. 672) entered on January 14, 2025.  AMEC and Symetra were also granted additional time to complete discovery beyond that date, due mainly to the fact that their crossclaims against each other had been stayed while they were in arbitration.

specify a series of dates on which the parties must provide any amendment required" under Rule 26(e).)  And Symetra claims that none of the parties to the MDL have supplemented discovery responses to this point in the case.  *But see* Jt. Status Update 5, Aug. 20, 2025 (ECF No. 912) (noting several productions of supplemental discovery responses); Jt. Status Update June 20, 2025 (ECF No. 847) (stating that Plaintiffs had agreed to supplement their responses to Symetra's discovery requests); Jt. Status Update 9, Jan. 28, 2025 (ECF No. 701) (stating that Symetra had served Rodney Brown with supplemental discovery responses on Nov. 1, 2024).  Be that as it may, the Blackwell Certificate came into Symetra's possession, and apparently at its own request, two years into the fact discovery phase of the MDL.  Unlike the production of documents and electronically-stored information where supplementation might reasonably occur in large batches and at longer intervals than a default 30-day standard would suggest, the Certificate was created in the midst of the litigation and, according to counsel for Symetra, on the advice and with the assistance of in-house counsel.  More than that, the Blackwell Certificate immediately had obvious significance for the capacity issue, an issue Symetra has itself has raised at a number of points during the MDL.

Symetra also argued at the motion hearing that Local Rule 26.1 sets 30 days before trial as the deadline for supplementation under Federal Rule 26(e).  True enough, Local Rule 26.1(d) states that "[p]arties shall supplement disclosures and discovery responses as required by Fed. R. Civ. P. 26(e) no later than 30 days before the trial date."  Local R. 26.1(d).  Local Rule 26.1 and its "no later than" language, however, sets an absolute outer limit for supplementation that coincides with the final deadline for pretrial disclosures under Rule 26(a)(3).  Fed. R. Civ. P. 26(a)(3) ("Unless the court orders otherwise, these disclosures must be made at least 30 days before trial.").  Local Rule 26.1's drop dead date does not alter a party's "ongoing" obligation under Federal Rule 26(e)

to supplement in a timely manner, which in the vast majority of cases will be long before the final deadline for supplementation. *House*, 2024 WL 495998, at *9.

Regardless of whether any default rule can govern legally and factually complex disputes, the Court finds that Symetra should have supplemented its responses to Plaintiffs' requests for documents and produced the Blackwell Certificate to Plaintiffs, at least before the close of fact discovery. Symetra received the Certificate at a time when more than four months remained in discovery, not to mention Plaintiffs had yet to take Symetra's Rule 30(b)(6) deposition. Symetra never produced the Certificate at all. Symetra emphasizes that Plaintiffs actually received the Blackwell Certificate from AMEC in April 2025. However, Symetra's failure to supplement meant Plaintiffs did not receive the Certificate until after fact discovery had closed on January 31, 2025. Under all of the circumstances, the Court holds that Symetra failed to produce the Blackwell Certificate in a timely fashion.

The Court further holds that upon consideration of the *Howe* factors, Symetra's failure to supplement was not "substantially justified" or "harmless." Plaintiffs as the parties against whom the Certificate is being offered have claimed surprise about the existence of the Certificate. Symetra has relied on the Certificate to support its argument that the current Executive Director of the AMEC Department of Retirement Services, Rev. Blackwell, is the trustee of the plan and that as the trustee, Rev. Blackwell, not Plaintiffs, is the real party-in-interest to assert any claim for relief on behalf of the plan. This shows that the Certificate is being offered against Plaintiffs to support Symetra's affirmative defense about Plaintiffs' lack of capacity to bring their derivative claims.

As the party seeking sanctions, Plaintiffs must also show that the existence of the Certificate came as a surprise to them and that they are not able to cure the surprise of the late

14

disclosure.  A party is not taken by surprise when the party "had all the information relevant" to a claim or defense and "had a full opportunity" to depose the relevant witness about the information. *Howe*, 801 F.3d at 748 (quoting *Jordan,* 464 F.3d at 601 & n. 22).  There is really no dispute Plaintiffs had not seen the Certificate prior to April 2025 and up until that time the Certificate was in the exclusive possession of the parties to the arbitration, AMEC and Symetra.[8]  It is also undisputed that Rev. Blackwell was elected Executive Director in 2024 and the parties knew the capacity issue would be decided in due course.[9]  But it is one thing for Plaintiffs to know that the proper identity of the trustee of the plan was relevant to their capacity to bring their derivative claims.  It is quite another for Plaintiffs to have anticipated that the Chairman of the AMEC Department of Retirements Services (Bishop Zanders) would have certified in writing that Rev. Blackwell was "a Trustee" of the plan.[10]  The Court finds then that Plaintiffs have carried their burden to show that the existence of such evidence came as a surprise to them.  This factor weighs in favor of excluding the proof.

The next three factors, Plaintiffs' ability to cure the surprise, the extent to which the

---

[8] Plaintiffs have cited proof that counsel for Symetra informed counsel for Plaintiffs in December 2024 "you should be aware that no documents have been produced in the arbitration that were not also produced in the MDL." *See* Stoll Email, Dec. 5, 2024, ex. D to Pls.' Mot. to Compel (ECF No. 615-5, PageID 9883).  Counsel for Symetra explained at the motion hearing that his email was referring to an agreement between AMEC and Symetra that the parties would rely on discovery produced in the MDL to support their positions in the arbitration.

[9] Symetra correctly points out that it was engaged in arbitration with AMEC at that time. Counsel for Symetra explained at the motion hearing that counsel did not see the relevance of the Blackwell Certificate at the time it was produced.  That explanation is hard to square with the fact that Symetra had raised the capacity issue in more than one motion with the Court, arguing for the dismissal of Plaintiffs' claims on behalf of the Plan.

[10] Counsel for Plaintiff noted at the motion hearing that the Blackwell Certificate also contained an attestation from AMEC's General Counsel.  Unlike Bishop Zanders, Mr. Selby did not certify as part of his attestation that Rev. Blackwell was "a Trustee" of the Plan.

introduction of the Certificate would disrupt the trial, and the importance of the Certificate to the case, are all related to some degree and, frankly, weigh slightly in favor of exclusion. Take the importance of the Certificate first. "The more important the proof, the greater the effect of preclusion, but also the greater the harm in tardy disclosure." *Dayton Veterans Residences Ltd. P'ship v. Dayton Metro. Housing Auth.*, No. 22-3935, 2023 WL 8081677, at *12 (6th Cir. Nov. 21, 2023) (quoting *Bisig*, 940 F.3d at 220). The Certificate has obvious significance for the capacity issue, one of the long-running questions in the MDL. Symetra relies on the Blackwell Certificate to support its arguments that Rev. Blackwell is the trustee of the plan, the Rule 17(a) real party-in-interest to press the plan's claims for relief, and the only party with capacity to sue on the plan's behalf. The Certificate may not tell the full story, however, at least not according to Plaintiffs and AMEC. Plaintiffs have cited deposition testimony from Rev. Blackwell denying that he or any other church official is an individual trustee of the plan and stating that only the Church's boards act as trustees. *See* Blackwell Dep. 41:17-42:5, Oct. 15, 2024, ex. E to Pls.' Mot. for Sanctions (ECF No. 840-6). AMEC alleges in its Second Amended Cross-Complaint, and Plaintiffs asserted at the motion hearing, that the Church's Book of Doctrine and Discipline designated the AMEC Commission on Retirement Services as the "trust committee for the annuity coverage" for the Church. Second Am. Cross-Compl. ¶ 68 (ECF No. 570); *see also* AMEC's Resp. in Opp'n to Symetra's Mot. to Appoint Trustee Ad Litem 3–5, Aug. 26, 2025 (ECF No. 921). In other words, the Blackwell Certificate is by no means the only evidence to show who acts as the trustee of the plan.

Furthermore, it is not clear that allowing Symetra to introduce the Blackwell Certificate in support of its motion to dismiss would disrupt the trial. Trial is set to being eight months from now in April 2026. The deadline to file dispositive motions is still more than a month away. At

16

the end of the day, the question of Plaintiffs' capacity to bring their derivative claims is a mixed question of law and fact for the Court to decide. 6 Cyc. of Federal Proc. § 21:27 (3d ed.) ("Issues involving a party's capacity to sue or be sued raise questions of law but turn on issues of fact."). This suggests the introduction of the Certificate would have no effect on the trial, much less a disruptive one. The Court finds less danger then that the Certificate would disrupt the trial of the merits.

How could Plaintiffs cure the prejudice caused by the late production of the Certificate? Reopening discovery would clearly prejudice Plaintiffs. *RJ Control Consultants, Inc. v. Multiject, LLC*, 100 F.4th 659, 670 (6th Cir. 2024) ("The parties have been litigating this case since 2016, and reopening discovery would reward [the late-disclosing parties] for their inability to obey the district court's orders while punishing [the other parties].").  And yet Plaintiffs have not requested a reopening of discovery or cited any additional evidence they would need to cure the surprise caused by Symetra's violation of Rule 26(e). Plaintiffs have requested the opportunity to depose Jeff Bailey, the Symetra employee who proposed the language for the Certificate and directed Rev. Blackwell to execute it on AMEC letterhead and return it to Symetra in 2024. The Court considers that request for relief in more detail below.  Plaintiffs' briefing also suggests that Plaintiffs have other evidence and arguments to rebut the Certificate and Symetra's theory that Rev. Blackwell is the plan's trustee, not the least of which is Blackwell's own testimony apparently denying the fact. On the whole, these three considerations—Plaintiffs' ability to cure the surprise, the extent to which the introduction of the Certificate would disrupt the trial, and the importance of the Certificate to the case—weigh slightly in favor of excluding the Certificate.

The final factor, Symetra's explanation for its failure to disclose the evidence, weighs strongly in favor of exclusion of the Blackwell Certificate. Symetra answers Plaintiffs' Motion by

arguing that it had no duty to supplement its discovery responses with documents created after October 2023. For reasons the Court has already explained, Symetra most assuredly had a duty to make timely supplements of its discovery responses under Rule 26(e). *House*, 2024 WL 495998, at *9 ("Rule 26(e) imposes an ongoing duty on parties to supplement disclosures."). Symetra's explanation that the Magistrate Judge's order on the temporal scope of discovery, which AMEC was entitled to receive from Symetra in discovery, somehow modified or limited Symetra's duty to all of the other parties in the MDL is unsupported. While a court has the discretion to order supplementation at specific times, nothing in Rule 26 suggests that a court can completely alter a party's general duty to supplement its discovery responses. Fed. R. Civ. P. 26(e)(1)(B) ("A party who has made a disclosure under Rule 26(a) —or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response as ordered by the court."). Symetra is left to argue that AMEC's production of the Certificate in April 2025 somehow relieved it of its duty to supplement. But Symetra fails to account for the fact that discovery had closed by that date and, perhaps more importantly, Symetra had had the Certificate in its possession for seven months prior to AMEC's disclosure of the Certificate. None of Symetra's explanations is convincing, and therefore, this last factor weighs squarely in favor of exclusion.

Having decided that Symetra did not meet its obligation to supplement its discovery responses in a timely manner and that its failure to do so was not harmless or substantially justified, the Court will not allow Symetra to use the Blackwell Certificate "to supply evidence on a motion, at a hearing, or at a trial . . . ." Fed. R. Civ. P. 37(c)(1). Symetra attached the Blackwell Certificate as Exhibit A (ECF No. 829-2, Page ID 13819–13822) to its motion to dismiss Plaintiffs' derivative claims. Because the sanction of exclusion is justified in this instance, the Court strikes the

Blackwell Certificate as an exhibit to Symetra's motion to dismiss. Symetra is prohibited from using the Blackwell Certificate for any evidentiary purpose in the MDL, either as an exhibit to a motion or by introducing the Certificate at a hearing or at trial.

Plaintiffs have also requested that the Court consider some of the additional sanctions available under Rule 37(b)(2)(A) and cross-referenced in Rule 37(c)(1). Specifically, Plaintiffs move for an order striking Symetra's motion to dismiss (ECF No. 829) in its entirety as well as striking the affirmatives defenses related to capacity alleged in Symetra's responsive pleading (ECF No. 794). Plaintiffs did not specifically request these sanctions at the motion hearing and argued for what is arguably a lesser sanction of denying Symetra's motion to dismiss without prejudice. In any event, the Court does not find that Symetra's failure to produce the Blackwell Certificate warrants these greater sanctions. Having already determined to strike the Certificate as an exhibit to the motion to dismiss, the Court can also deal with the motion to dismiss without striking the motion as a discovery sanction. Likewise, striking Symetra's affirmative defenses would seem to go too far, especially when other sanctions under Rule 37(c)(1) are just as appropriate. Therefore, the Court declines to strike the motion to dismiss or Symetra's affirmative defenses on the capacity issue.

Plaintiffs also request the opportunity to depose Jeff Bailey, the Symetra employee who requested the Certificate from Rev. Blackwell in 2024. While deposing Bailey might reveal more information about the origin of the Certificate and Symetra's reasons for requesting it in the first place, it is not clear how Bailey's deposition testimony would shed light on the issue of capacity or the identity of the real party-in-interest or equip Plaintiffs to meet the evidence contained in the Blackwell Certificate. After all, the Certificate itself provides the evidentiary support for Symetra's affirmative defenses on those issues. And according to counsel for Symetra, any

19

information Bailey may possess about the contents and preparation of the Certificate would also implicate the attorney-client privilege and work product doctrine. In other words, allowing Plaintiffs to depose Bailey will not necessarily allow Plaintiffs to discover anything new about the claims found in the Certificate. At the end of the day, the Court has decided to strike the Certificate and prohibit Symetra from offering it into evidence in these proceedings. So even if deposing Bailey revealed further information to put the Certificate into context, the Certificate will no longer be part of the MDL. This sanction is therefore not required to cure the prejudice caused by Symetra's failure to supplement its discovery responses.

Finally, the Court finds that an award of fees and expenses is appropriate. Rule 37(c)(1) allows a court to "order payment of the reasonable expenses, including attorney's fees, caused by the failure" to meet a discovery obligation. The Court will grant Plaintiffs' request for their reasonable expenses, including attorney's fees, caused by Symetra's failure to make a timely disclosure of the Certificate. Counsel for Plaintiffs should prepare a fee petition along with a memorandum in support and submit their request to the Court within 14 days of the entry of this order. Symetra will then have 14 days from the service of Plaintiffs' fee petition to respond.

## CONCLUSION

The Court finds that Symetra did not meet its Rule 26(e) obligation to supplement its discovery responses in a timely manner and that its failure to do so was not harmless or substantially justified. Symetra is not permitted to use the Blackwell Certificate "to supply evidence on a motion, at a hearing, or at a trial . . . ." Fed. R. Civ. P. 37(c)(1). The Court hereby strikes the Certificate, which Symetra attached as Exhibit A (ECF No. 829-2, Page ID 13819–13822) to its motion to dismiss Plaintiffs' derivative claims. Plaintiffs are entitled to an award of their reasonable expenses, including attorney's fees, caused by Symetra's failure to make a timely

20

supplement of its discovery responses.  Plaintiffs' fee petition is due within 14 days.  Plaintiffs'

request for additional sanctions against Symetra is not well taken.  Therefore, Plaintiffs' Motion

for Sanctions is **GRANTED in part, DENIED in part**.

        **IT IS SO ORDERED.**

                                **s/ S. Thomas Anderson**
                                S. THOMAS ANDERSON
                                UNITED STATES DISTRICT JUDGE

                                Date: September 2, 2025.