IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: AME CHURCH EMPLOYEE RETIREMENT FUND LITIGATION, | ) ) ) ) | Lead Case No. 1:22–md–03035–STA–jay  ALL CASES |

### ORDER GRANTING SYMETRA FINANCIAL CORPORATION'S MOTION TO DISMISS AMEC'S AND THE PLAN'S AMENDED THIRD-PARTY COMPLAINT
(ECF NO. 807)

Before the Court is Symetra Financial Corporation's Motion to Dismiss AMEC's and the Plan's Amended Third-Party Complaint (ECF No. 807) filed May 9, 2025. On November 5, 2024, AMEC and the AMEC Ministerial Retirement Annuity Plan (the "Plan") filed an Amended Third-Party Complaint (ECF No. 570), naming Symetra Financial as the only Third-Party Defendant.

Symetra Financial now argues that the Court should dismiss the Amended Third-Party Complaint against it for three reasons. First, the pleading does not name Symetra Financial under any of the eleven causes of action alleged and includes no substantive allegations against Symetra Financial. AMEC and the Plan have therefore failed to state a claim upon which the Court can grant relief. Dismissal under Federal Rule of Civil Procedure 12(b)(6) is required. Second, AMEC and the Plan allege no facts to show that the Court has general or specific personal jurisdiction over Symetra Financial. The Amended Third-Party does not allege any relationship or communications between Symetra Financial and AMEC or the Plan nor have the Third-Party Plaintiffs alleged any Symetra Financial business dealings in Tennessee. Dismissal under Rule 12(b)(2) is also proper. Finally, the Amended Third-Party Complaint fails to allege a case or controversy between AMEC or the Plan and Symetra Financial. The pleading does not set forth any fact to show a connection between any act or omission of Symetra Financial and the harm alleged. Consequently, dismissal under Rule 12(b)(1) is also warranted.

AMEC has responded with no opposition to Symetra Financial's Motion to Dismiss and states that it will consent to the dismissal of Symetra Financial. The Church also states it is working with Symetra on a stipulation of dismissal, which to date the parties have not filed. The Sixth Circuit has remarked that "the plaintiff remains the master of its complaint" and that, if the plaintiff "concedes that it is not bringing a claim," then the district court "should take it at its word." *NicSand, Inc. v. 3M Co.*, 507 F.3d 442, 458 (6th Cir. 2007) (*en banc*). Based on AMEC's and the Plan's concession that the parties are no longer pursuing their claims against Symetra Financial, the Motion to Dismiss is **GRANTED**. The Amended Third-Party Complaint contained the only cause of action against Symetra Financial in the MDL. The Court hereby **DISMISSES** Symetra Financial as a party to the MDL. The Clerk of Court is directed to terminate Symetra Financial as a party to the proceedings.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: September 9, 2025.