# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

|  |  |
|---|---|
| IN RE: AME CHURCH EMPLOYEE RETIREMENT FUND LITIGATION | MDL Docket No. 1:22-md-03035-STA-jay<br><br>ALL CASES |

## ORDER DENYING SYMETRA LIFE INSURANCE COMPANY'S MOTION FOR CLARIFICATION OF ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR SANCTIONS OR, IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER

This matter is before the Court on Defendant Symetra Life Insurance Company's Motion for Clarification of Order Granting in Part and Denying in Part Plaintiffs' Motion for Sanctions or, in the Alternative, Motion for Protective Order. (ECF No. 959.) Symetra asks the Court to "clarify" that no party is required to search for or produce documents created after October 3, 2023, unless that party intends to use the document to support its claims or defenses, unless the use would be solely for impeachment. Plaintiffs have filed a response in which they oppose the motion. (ECF No. 1013.) Symetra's motion is **DENIED**.

The order in question, "Order Granting in Part, Denying in Part Plaintiffs' Motion for Sanctions," was specific in discussing the parties' duties and responsibilities regarding discovery supplementation under Fed. R. Civ. P. 26(e). As previously stated,

> "Rule 26(e) imposes an ongoing duty on parties to supplement disclosures." *House v. Player's Dugout, Inc.*, No. 22-5843, 2024 WL 495998, at *9 (6th Cir. Feb. 8, 2024). "The default rule is . . . that a party has a duty to supplement [its] discovery response if [it] learns that [its] response is in some material respect incomplete or incorrect." *Taylor v. Union Inst.*, 30 F. App'x 443, 451 (6th Cir. 2002) ….

> At the very least, parties must supplement "periodically in a fashion that will allow [the opposing party] to conduct meaningful discovery and avoid undue delay in the progress of [the] case." Id. (quoting *U.S. ex rel. Fry v. Guidant Corp.*, No. 3:03–0842, 2009 WL 3103836, at *4 (M.D. Tenn. Sept. 24, 2009)); *see also Manual on Complex Litigation (Fourth)* § 11.13 ("Rule 26(e)(1) requires parties to correct or supplement disclosures at appropriate intervals if they learn that the information (even if correct when supplied) is materially incomplete or incorrect, unless they have already informed the other party of the corrective or additional information during discovery or in writing.")

(Ord. p. 9, ECF No. 923.)

In effect, Symetra seeks an advisory opinion that it has no duty to produce documents created after October 3, 2023. The Court cannot do this blindly without examining the particular documents to which Symetra refers. The best course of action is for Symetra (or any other party) to file a motion in limine or a motion for protective order concerning specific document(s) it believes it should not have to produce under Rule 26(e). This will give the opposing party an opportunity to argue why the document(s) should not have to be produced.

IT IS SO ORDERED.

                                                                                s/ S. Thomas Anderson
                                                                                S. THOMAS ANDERSON
                                                                                UNITED STATES DISTRICT JUDGE

                                                                                Date:  October 31, 2025