IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |
|---|---|
| IN RE: AME CHURCH EMPLOYEE RETIREMENT FUND LITIGATION | MDL Docket No. 1:22-md-03035-STA-jay<br><br>ALL CASES |

### ORDER DENYING PLAINTIFFS' MOTION IN LIMINE AGAINST DEFENDANT SYMETRA LIFE INSURANCE COMPANY AND DENYING SYMETRA'S CROSS-MOTION IN LIMINE AGAINST PLAINTIFFS

Before the Court is Plaintiffs' motion in limine against Defendant Symetra Life Insurance Company (ECF No. 977) and Defendant's response in opposition to Plaintiffs' motion. (ECF No. 1029.) Defendant's response contains a cross-motion in limine. The Court finds that it can rule on Defendant's cross-motion without the benefit of a response from Plaintiffs.

Plaintiffs ask the Court to exclude any evidence that Symetra did not possess during its business relationship with AMEC prior to Dr. Jerome Harris's retirement in order to justify its belief that Dr. Harris was the authorized trustee of the retirement plan. Plaintiffs claim that any such evidence is irrelevant and otherwise inadmissible. Symetra asks the Court to bar Plaintiffs from disputing that Dr. Harris was the sole person authorized by AMEC to direct Symetra regarding its annuity contracts.

"A ruling on a motion in limine is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *Easley v. Haywood*, 2015 WL 6179522, at *1 (S.D. Ohio Oct. 21, 2015) (quoting *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994)). Courts may properly deny or defer ruling on motions in limine when "issues such as foundation, relevance, and potential prejudice require the context of the trial for resolution." *Id.* (citation

omitted). *See also Holley v. BBS/Mendoza*, 2024 WL 3856932, at *1 (S.D. Ohio Aug. 19, 2024) ("If a court is unable to determine whether certain evidence is clearly inadmissible, it should defer ruling until trial so that questions of foundation, relevancy, and potential prejudice can be evaluated in proper context.") "To obtain the exclusion of evidence under such a motion, a party must prove that the evidence is clearly inadmissible on all potential grounds." *United States v. Sawyer*, 2016 WL 11480123, at *1 (W.D. Tenn. Sept. 26, 2016), report and recommendation adopted, 2016 WL 6583730 (W.D. Tenn. Nov. 7, 2016) (citations omitted). "Denial of a motion in limine 'merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded.'" *Id.* (citation omitted).

In the present case, as pointed out by Symetra, Plaintiffs have not identified any specific evidence it seeks to exclude. The Court is not inclined to exclude a general category of evidence. *See Smith v. City of Troy*, 2016 WL 1436380, at *3 (S.D. Ohio Apr. 12, 2016) ("Even acknowledging the somewhat advisory nature of *liminal* orders, this Court is not prepared to find such a broad exclusion appropriate here."); *see also Morrison v. Stephenson*, 2008 WL 343176, at *1 (S.D. Ohio Feb. 5, 2008) ("Courts ... are generally reluctant to grant broad exclusions of evidence in limine because a court is almost always better situated during the actual trial to assess the value and utility of evidence."). Thus, Plaintiff's motion is **DENIED** without prejudice.

To the extent that Symetra is correct that the evidence in the record shows that Dr. Harris was the sole person authorized by AMEC to direct Symetra regarding its annuity contracts, this is an argument more appropriate for summary judgment. The Court will not require the parties to brief this issue in a motion in limine when there is a more appropriate avenue for determining undisputed issues of fact. If the issue of Dr. Harris' authority remains after the Court has ruled on

the motions for summary judgment, then Symetra may make its objections at trial. Accordingly, Symetra's motion is also **DENIED** without prejudice.

    **IT IS SO ORDERED.**

                                                s/ S. Thomas Anderson
                                                S. Thomas Anderson
                                                United States District Judge

                                                Dated: November 3, 2025