IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: AME CHURCH EMPLOYEE | ) | Lead Case No. |
| RETIREMENT FUND LITIGATION, | ) | 1:22–md–03035–STA–jay |
| | ) | |
| | ) | ALL CASES |

### ORDER GRANTING IN PART, DENYING IN PART PLAINTIFFS' MOTION FOR ATTORNEY'S FEES (ECF No. 946)

Before the Court is Plaintiffs Pearce Ewing *et al.*'s Motion for Attorney's Fees (ECF No. 946) filed September 16, 2025. Plaintiffs seek an award of $98,059.60 in attorney's fees as a sanction against Defendant Symetra Life Insurance ("Symetra"). Symetra has responded in opposition. For the reasons set forth below, the Motion for Attorney's Fees is **GRANTED in part, DENIED in part**.

### BACKGROUND

On September 2, 2025, the Court granted in part and denied in part Plaintiffs' motion for sanctions against Symetra. The Court found that Symetra had not met its Rule 26(e) obligation to supplement its discovery responses in a timely manner and that its failure to do so in the case of the Blackwell Certificate was not harmless or substantially justified. The Court determined that prohibiting Symetra from using the Blackwell Certificate "to supply evidence on a motion, at a hearing, or at a trial" was the most appropriate sanction for its failure to supplement. Fed. R. Civ. P. 37(c)(1). The Court therefore struck the Certificate, which Symetra had attached as Exhibit A (ECF No. 829-2, Page ID 13819–13822) to its motion to dismiss Plaintiffs' derivative claims.

The Court also concluded that Plaintiffs were entitled to an award of their reasonable expenses, including attorney's fees, caused by Symetra's failure to make a timely supplement of its discovery responses. Plaintiffs' fee petition followed. In their Motion for Attorney's Fees,

Plaintiffs argue that counsel's hourly rates are reasonable, citing the fact that the Court approved an interim award of attorney's fees for counsel in connection with the Court's approval of the parties' settlements earlier this year. Counsel for Plaintiffs seek an award of attorney's fees as a sanction based on the same hourly rates. Plaintiffs further argue that counsel's expenditure of time was reasonable in moving for sanctions and opposing Symetra's use of the Blackwell Certificate. Counsel has shown that they collectively devoted 107.5 hours to preparing their written submissions on the sanctions issue and arguing the motion before the Court. A lodestar calculation therefore yields a reasonable attorney's fee of $98,059.60.

Symetra has responded in opposition. Symetra argues that the Court should reduce Plaintiffs' request for fees, both by applying lower hourly rates for counsel and a fraction of the time documented in counsel's billing entries. Symetra argues as a threshold matter that Plaintiffs received only partial relief on their motion for sanctions. Plaintiffs had sought sweeping sanctions against Symetra, including striking Symetra's affirmative defenses related to the capacity issue. The Court granted Plaintiffs only partial relief and relief far less than the sanctions requested. In Symetra's view, Plaintiffs overstaffed the motion by utilizing two named partners, other partners, and a mix of associates and paralegals to work on briefing the motion for sanctions. The result was a duplication of the efforts of so many attorneys. Symetra therefore asks the Court to reduce the number of compensable hours to 40 hours. Under the community market rule, the Court should also limit the hourly rates of counsel to rates commensurate with those in this area. According to Symetra, counsel for Plaintiffs' hourly rates are far greater than the hourly rates prevailing in the Western District of Tennessee. Based on an across-the-board reduction in counsel's time and hourly rates, Symetra argues that the Court should award no more than $14,603, limit the award only to the Lee Segui firm, and then adopt a further reduction of 20% to reflect Plaintiffs' limited

2

success on the motion for sanctions.

## STANDARD OF REVIEW

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In addition to or in lieu of the exclusion of the nondisclosed evidence, Rule 37(c)(1) also authorizes the Court to "order payment of the reasonable expenses, including attorney's fees, caused by the failure." *Id*. "The role of a monetary sanction under Rule 37 is to compensate a party for unnecessarily expended attorneys' fees and expenses; it is not to reward the prevailing party in the suit." *Raymond James & Assocs., Inc. v. 50 N. Front St. TN, LLC*, No. 2:18-cv-02104-JTF-tmp, 2022 WL 3337275, at *3 (W.D. Tenn. Feb. 8, 2022) (quoting *Linde v. Arab Bank, PLC*, 293 F.R.D. 138, 140 (E.D.N.Y. 2013)); *see also Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 378 (6th Cir. 2008) ("Discovery abusers must be sanctioned, because '[w]ithout adequate sanctions, the procedures for discovery would be ineffectual.") (quoting 8A Wright, Miller & Marcus, Federal Practice and Procedure § 2281 (2d ed. 1994)).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonably hourly rate," *i.e.*, the "lodestar method" of calculation. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005). The Supreme Court has "adopted the lodestar approach as the centerpiece of attorney's fee awards." *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). The party requesting attorney's fees bears the burden of establishing that the number of hours and the hourly rate are reasonable. *Hensley*, 461 U.S. at 437.

The determination of a fee award "should not result in a second major litigation." *Hensley*,

3

461 U.S. at 437. As the Supreme Court has explained, "courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011); *McKelvey v. Sec'y of U.S. Army*, 768 F.3d 491, 494 (6th Cir. 2014) (rejecting "mathematical precision" as the standard for an award of attorney's fees).

## ANALYSIS

The issue presented is what amount represents a reasonable attorney's fee for Plaintiffs as part of the sanctions against Symetra for Symetra's failure to supplement its discovery responses and produce the Blackwell Certificate in a timely manner. Plaintiffs have adduced proof showing that counsel spent over 100 hours briefing and arguing the motion. Based on their hourly rates, counsel now seeks nearly $100,000.00 in fees. Symetra counters that counsel's request contains an excess of hours and inflated billing rates, all of which justifies the Court in drastically reducing the request by over 85% to grant an award closer to $14,000.00. Although the Court tends to agree with Symetra that the full amount requested by Plaintiffs is somewhat excessive under the circumstances, the Court does not believe the reductions argued by Symetra are required.

### I. Reasonableness of Counsel's Hours

The Court begins with the reasonableness of counsel's hours. "[T]he 'lodestar' method of calculation . . . does not solve the problem of excessive hours." *Coulter v. Tennessee*, 805 F.2d 146, 150 (6th Cir. 1986). The Sixth Circuit has remarked that "[t]hree very different kinds of issues can arise concerning excessive hours:"

> (1) factual questions about whether the lawyer actually worked the hours claimed or is padding the account; (2) legal questions about whether the work performed is sufficiently related to the points on which the client prevailed as to be compensable; (3) mixed questions about whether the lawyer used poor judgment in spending too

4

many hours on some part of the case or by unnecessarily duplicating the work of co-counsel.

*Id.* at 150–51.  Symetra argues that Plaintiffs' Motion for Attorney's Fees raises concerns of the second and third kind.

The Court finds that the amount of time counsel dedicated to the sanctions issue appears to be at the high end of what might be considered reasonable.  The issue presented was relatively straightforward, whether Rule 26(e) imposed a duty on Symetra to produce the Blackwell Certificate before Symetra used the Certificate to support its position on the capacity issue.  In a typical case, the preparation of a garden variety motion to make such an argument would have taken far less time.

But this MDL is not the typical case. The Blackwell Certificate and Plaintiffs' request for sanctions implicated much more than a common discovery dispute.  The Certificate was at the center of Symetra's motion to dismiss, Plaintiffs' and AMEC's motion for voluntary dismissal, and the larger question of whether Plaintiffs have the capacity to bring their derivative claims for relief on behalf of the Plan.  The obvious significance of the Blackwell Certificate and its importance to the capacity issue suggests Plaintiffs reasonably needed to spend more time and labor presenting the issues to the Court.  *Hensley*, 461 U.S. at 437 (listing "the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly" as a a key consideration in assessing the reasonableness of a fee).

Still, even with so much at stake, Plaintiffs' legal team collectively devoted 77.2 hours to the preparation and briefing of the motion itself: 69.7 hours for attorneys with Lee Segui PLLC (Matthew Lee, 5.3 hours; Mark Stigmon, 11.7 hours; Jeremy Williams, 18.1 hours; Katherine Batchelor, 34.6 hours) and 7.5 hours for a named partner and paralegals at Stranch, Jennings & Garvey, PLLC (2.8 hours for Gerard Stranch and 4.7 for paralegals).  Counsel then spent another

18.3 hours preparing for the motion hearing and attending the motion hearing, 10.0 hours for Mr. Stranch,[1] 6.8 hours for Mr. Lee, and 1.5 hours for Mr. Williams.

Not only did counsel devote a significant amount of time to the motion, counsel also pursued a number of different arguments on which Plaintiffs did not prevail. Plaintiffs' motion for sanctions led with their fairly simple argument that Symetra had a duty to supplement its discovery responses and then breached that duty when it did not produce the Blackwell Certificate in a timely manner. Plaintiffs then went beyond the basic Rule 26(e) argument and contended that Symetra had engaged in sanctionable conduct by failing to present the Court with a more complete disclosure to explain the provenance of the Certificate. Plaintiffs also complained that Symetra had procured the production of the Blackwell Certificate outside the chain of communication with litigation counsel.

Strictly speaking, Plaintiffs' points implicated not just Rule 37 sanctions but also Rule 11. In fact, Plaintiffs later filed a separate Rule 11 motion incorporating their arguments from their motion for sanctions. Pls.' Mem. in Support Mot. for R. 11 Sanctions 2, Aug. 11, 2025 (ECF No. 903-1) ("The factual background for this motion is largely the same as the factual background for Plaintiffs' Motion for Sanctions under Rule 37 and the Court's inherent power. ECF No. 840-1. Thus, Plaintiffs incorporate by reference the facts section of that brief, id., and the additional facts recounted in their reply brief in support of that motion, ECF No. 879.").

Based on these additional lines of argument, Plaintiffs took what could be described as a

---

[1] Mr. Stranch recorded 8 hours on August 26, 2025, for the following work: "Continue to prepare, travel to Jackson and attend hearing." Mr. Lee and Mr. Williams each claimed 4.0 hours for travel between Nashville and Jackson and 1.5 hours for attending the hearing. The Court will assume for purposes of deciding the fee request that Mr. Stranch also spent 4.0 hours for travel and 1.5 hours attending the hearing, meaning the remaining 2.5 hours worked on August 26, 2025 consisted of hearing prep. All told then, Mr. Stranch spent a total of 10 hours preparing for the hearing and then attending the hearing.

maximalist view of Symetra's conduct and argued for a full gamut of sanctions, including striking Symetra's affirmative defenses on the capacity issue and allowing Plaintiffs an opportunity to depose the Symetra employee who communicated with AMEC about the need for the certification from the Church and provided AMEC with a template for Rev. Blackwell to sign on AMEC letterhead. The Court carefully considered Plaintiffs' request for these sanctions and ultimately rejected it, mainly because the Court did not find that "Symetra's failure to produce the Blackwell Certificate warrants these greater sanctions." Order Granting in Part, Denying Part Pls.' Mot. for Sanctions 19, Sept. 2, 2025 (ECF No. 923). The Court likewise denied Plaintiffs' request to depose the Symetra employee because striking the Certificate from the record adequately cured any prejudice to Plaintiffs.

This background is relevant to the overall reasonableness of counsel's time entries for two important reasons. First, Plaintiffs prevailed on their motion for sanctions but only in part. While the Court did find that Symetra had breached its duty to supplement, the simple step of striking the Certificate from the record cured the prejudice caused by Symetra's failure to produce the Certificate in a timely manner. Plaintiffs' arguments for even greater sanctions, and in particular the sanction of striking Symetra's affirmative defenses, just went "too far" under the circumstances. *Id*.

Second and relatedly, it is reasonable to assume that a significant part of counsel's time in briefing the issues was taken up with the pursuit of the additional arguments about Symetra's culpability and the relief the Court declined to grant Plaintiffs. For example, Ms. Batchelor, who spent far and away the most time on drafting Plaintiffs' opening brief, worked 31.9 hours on the brief over three full days in June 2025. Her time entries show that she spent an indeterminate amount of time reviewing Rev. Blackwell's arbitration testimony and the testimony of other

7

AMEC witnesses like Bishop Zanders. (The time entries are billed in blocks without a breakdown of how much time she spent in that review.) That testimony largely related to Plaintiffs' arguments that Symetra had failed to apprise the Court of all of the relevant information about the Blackwell Certificate as part of its motion to dismiss. In other words, the argument was not simply that Symetra failed to supplement its discovery disclosures but that Symetra had engaged in an actual attempt to deceive the Court. And as the Court has already noted, Plaintiffs subsequently filed a separate Rule 11 motion, which largely incorporated the arguments they had already presented in the motion for Rule 37 sanctions.

The Court is left with the impression that the overall hours were excessive relative to the discrete issue of whether Symetra had violated its duty to supplement under Rule 26(e). The additional hours, while not irrelevant or in any way improper, were just not reasonably expended in pursuit of what could have been initially presented as a request for a run-of-the-mill discovery sanction. A district court should "exclude from [its] initial fee calculation hours that were not 'reasonably expended.'" *Freed v. Thomas*, 137 F.4th 552, 561 (6th Cir. 2025) (quoting *Hensley*, 461 U.S. at 434). The Court has the option of either "identify[ing] specific hours that should be eliminated" or estimating an attorney's time based on the Court's "overall sense of a suit." *Id.* (quoting *Fox*, 563 U.S. at 838). Here, the Court's overall sense of the issues justifies an estimate of time needed to pursue the discovery sanction, separate and apart from any Rule 11 issues or Plaintiff's request for even harsher sanctions against Symetra.

Under the circumstances, the Court will reduce the number of counsel's compensable hours by 50%. The Court will deduct 38.6 hours from counsel's total time to reflect the amount of time reasonably expended in the preparation and briefing of the Rule 37 motion for sanctions. With respect to time spent preparing for the hearing and attending the hearing, the Court finds that a

substantially similar deduction is also required. As Symetra points out, Mr. Williams billed 1.5 hours for attending the hearing but did not present any of Plaintiffs' arguments. The Court will therefore deduct 1.5 hours for Mr. Williams' attendance from the total of 18.3 hours counsel billed for preparing for oral argument and attending the hearing. The Court will further reduce the remaining 16.8 hours of time for Mr. Stranch and Mr. Lee by 50%, leaving 8.4 hours of time reasonably given to hearing prep and attendance.

The result is a reduction of each attorney's time for briefing the motion for sanctions as follows: 34.85 for attorneys with Lee Segui PLLC (Matthew Lee, 2.65 hours; Mark Stigmon, 5.85 hours; Jeremy Williams, 9.05 hours; Katherine Batchelor, 17.3 hours) and 3.75 hours for an attorney and paralegals at Stranch, Jennings & Garvey, PLLC (1.4 hours for Gerard Stranch and 2.35 for paralegals). The Court finds that Mr. Stranch is entitled to 5.0 hours and Mr. Lee 3.4 hours for preparing for and arguing Plaintiffs' motion at the hearing.

Symetra argues that Plaintiffs overstaffed the project by having too many partners play a significant role in drafting and arguing the motion for sanctions. Symetra makes a separate argument for the overall reduction of counsel's time due to duplication of effort. The Sixth Circuit has held that courts may deduct time for duplication by cutting either the duplicative time itself or "a small percentage of the total hours." *Ky. Restaurant Concepts Inc. v. City of Louisville*, 117 F. App'x 415, 419 (6th Cir. 2004) (citing *Northcross v. Bd. of Educ. of Memphis City Sch.,* 611 F.2d 624, 636–37 (6th Cir. 1979)). Rather than proving Symetra's point about overstaffing, the time entries actually suggest that counsel assumed different roles to carry out the work in a way that minimized the direct involvement of named partners and achieved a delegation of the drafting to other lawyers at Lee Segui PLLC.

For example, the named partners set the overall strategy for Plaintiffs' request for sanctions

9

and then reviewed or edited briefs other attorneys prepared. One attorney on the legal team, Ms. Batchelor, focused on the opening brief and then two other attorneys, Mr. Sigmon and Mr. Williams, performed the majority of the work on Plaintiffs' reply. This collaboration actually had the effect of keeping counsel's overall expenditure of time lower than it would have been, had counsel completely duplicated the effort. Furthermore, the Court has already reduced the total time to reflect the fact that Plaintiffs actually presented a number of additional issues and requests for sanctions on which they did not prevail. The Court does not find then that Plaintiffs overstaffed the briefing of the motion or engaged in duplicative billing.

This just leaves the time counsel documented for traveling to the hearing on the motion for sanctions. Plaintiffs had three different attorneys attend the motion hearing, two named partners and one other partner. Counsel has included in their billing entries time for each partner's travel time from Nashville to Jackson, a total of 12 hours. The Sixth Circuit has suggested in one reported decision that travel time is compensable. *Wayne v. Vill. of Sebring*, 36 F.3d 517, 532 (6th Cir. 1994) ("[Plaintiffs] correctly point out that . . . the time spent traveling is fully compensable."); *see also Smith v. Service Master Corp.*, 592 F. App'x 363, 372 (6th Cir. 2014) ("The Sixth Circuit has often found travel time to be compensable if determined by the district courts to be the local practice regarding payment for travel time.") (quoting *Monroe v. FTS USA, LLC,* No. 2:08–cv–02100–JTF–cgc, 2014 WL 4472720, at *7 (W.D. Tenn. July 28, 2014)). While travel time can be compensable, Plaintiffs have not addressed the local practice for awarding attorney's fees for travel time.

Even if they had, a reduction to omit travel time to attend the motion hearing is warranted in this case. The parties were already scheduled to appear before the Court for a status conference the following day. As has been the Court's practice in the MDL, the status conference was set far

10

in advance of the motion hearing itself. Rather than award counsel their fees for travel to the Court for the motion hearing, the Court will reduce the number of hours to reflect the fact that counsel was traveling to Jackson, albeit the next day, even if no motion hearing had been set. Each attorney for Plaintiff who has submitted travel time, Mr. Stranch, Mr. Lee, and Mr. Williams, documented 4.0 hours for travel, a total of 12.0 hours. The Court will therefore deduct the 12.0 hours of travel time from Plaintiffs' fee petition.

In summary, the Court finds the following time was reasonably incurred as part of Plaintiffs' motion for sanctions and the motion hearing:

- Matthew Lee: 6.05 hours (2.65 hours for motion drafting, 3.4 hours for hearing);
- Mark Stigmon: 5.85 hours;
- Jeremy Williams: 9.05 hours;
- Katherine Batchelor: 17.3 hours;
- Gerard Stranch: 6.4 hours (1.4 for motion drafting, 5.0 for hearing); and
- Stranch, Jennings & Garvey, PLLC paralegals: 2.35.

## II. Reasonable Hourly Rates

The Court next considers a reasonable hourly rate for counsel's time. In order to determine a reasonable hourly rate, "courts use as a guideline the prevailing market rate . . . that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. App'x 496, 498–99 (6th Cir 2011) (citing *Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 618 (6th Cir. 2007)). Courts also take into account "a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests." *Id*. at 499.

Here, counsel for Plaintiffs have shown through declarations submitted by Mr. Lee and Mr.

Stranch that the hourly rates shown in their billing records are the normal hourly rates charged by the lawyers and staff in each of their law firms. Counsel also pointed out that the Court recently approved similar rates as part of its ruling to approve Plaintiffs' class action settlements with AMEC and Newport. Symetra answers that the hourly rates sought by counsel for Plaintiffs are far in excess of the rates more commonly awarded in fee awards by the Western District of Tennessee.

The Court finds that Symetra has the better of this argument. Plaintiffs have not shown that the rates sought are in line with the prevailing market rates for lawyers of comparable skill and experience within the Western District of Tennessee. It is true that counsel for Plaintiffs have shown that the rates sought are their standard hourly rates. But that data point is only one part of the Court's determination of a reasonable hourly rate. The declarations of counsel do not address the experience of the other lawyers listed in the fee petition and they do not address whether their hourly rates are commensurate with the rates charged by other lawyers with similar experience for similar legal services in this market. *See* Local R. 54(b)(2) (requiring a motion for attorney's fees to include "an affidavit or declaration of another attorney in the community, who is not otherwise involved with the case, setting out the prevailing rate charged in the community for similar services").

It is likewise true that the Court recently awarded counsel for Plaintiffs an interim attorney's fee in connection with the class action settlement Plaintiffs reached with AMEC and Newport. The fee award, however, was not dispositive of what a reasonable hourly rate would be as a sanction for Symetra's discovery violation. For one thing, the Court emphasized in making its previous fee determination that "[m]ulti-district litigation is inherently complex." Order Granting Mot. for Atty' Fees 20, Aug. 18, 2025 (ECF No. 910). Counsel had recovered a

12

significant settlement to benefit thousands of settlement-class members. Furthermore, the Court's fee determination was based on a common fund approach to fee awards, not a lodestar calculation. *Id*. at 19 ("The Court agrees that [the percentage-of-the-fund method to determine attorney's fees] is the proper method to use in this case."). And to the extent the Court considered the lodestar method at all, the Court did so as a crosscheck to assess the reasonableness of the fee sought under the common fund method. *Id.* at 21 (stating that the Court had "conducted a lodestar 'cross-check' with respect to the attorney's fee award" and determining "[t]he fee requested represent[ed] a multiplier of approximately 1.21 on the lodestar"). All of this to say, the interim fee award does not directly answer the question of what hourly rate is a reasonable hourly rate for counsel's work on a discovery dispute.

In the absence of a specific submission from counsel to prove the reasonableness of their hourly rates or evidence from a disinterested attorney who practices in the Western District of Tennessee, the Court is guided by "awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests." *Van Horn*, 436 F. App'x at 499. In the final analysis, the Court "has broad discretion in determining a reasonable hourly rate for an attorney." *Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 715 (6th Cir. 2016).

A brief survey of attorney fee awards in this District over the last six months shows that the prevailing market rates for attorneys range from $250.00 per hour for relatively new attorneys, *Pacheco v. Martinez*, No. 2:24-cv-02638-TLP-tmp, 2025 WL 2807029, at *2 (W.D. Tenn. Sept. 26, 2025), all the way up to $595 per hour for experienced attorneys with specialized practices. *Fantastic Sams Franchise Corp. v. DonMarcos, LLC*, No. 2:24-cv-2867-JPM-atc, 2025 WL 1094931, at *5 (W.D. Tenn. Apr. 11, 2025) (franchise law); *see also Mosby v. Reaves Law Firm PLLC*, No. 2:23-cv-02009-SHM-tmp, 2025 WL 2988466, at *3–4 (W.D. Tenn. Oct. 23, 2025)

13

(finding hourly rates of $400 and $500 reasonable in employment law); *Perry v. Hardeman Cnty. Govt.*, No. 1:19-cv-01106-STA-jay, 2025 WL 2814568, at *11 (W.D. Tenn. Sept. 30, 2025) (finding hourly rates of $440 and $300 reasonable in wage and hour case); *Teran v. Lawn Enforcement, Inc.*, No. 2:22-cv-02338-JTF-tmp, 2025 WL 1455961, at *3 (W.D. Tenn. May 21, 2025) (finding $420 hourly rate reasonable in wage and hour case).[2] The cases do not reveal a distinction between named partners or partners and instead focus on each attorney's relative experience level and specialization.

The Court credits counsel's evidence about their standard hourly rates, rates that might well be reasonable in a complex MDL like this. But in the absence of more particularized proof to show why those rates are appropriate in awarding a discovery sanction, the Court will adjust counsel's normal rates downward. Consistent with the general market rates recognized in recent attorney's fees awarded in the Western District of Tennessee, the Court finds the following hourly rates are reasonable for purposes of imposing discovery sanctions:

- Matthew Lee: $700 per hour;
- Mark Stigmon: $600 per hour;
- Jeremy Williams: $600 per hour;
- Katherine Batchelor: $475 per hour; and
- Gerard Stranch: $700 per hour.

As for paralegals, one recent decision found an hourly rate of $150.00 to be

---

[2] Symetra has argued for even lower hourly rates of $400 for partners and $275 for associates. As this survey shows, however, those rates are somewhat below the midlevel rate awarded to experienced counsel in this District.

reasonable for paralegal services. *Pacheco*, 2025 WL 2807029, at *2. The Court agrees that $150 is a reasonable rate for paralegals in this market.

### III. Lodestar Calculations

The Court now uses the lodestar method to calculate a reasonable award of attorney's fees for each lawyer representing Plaintiffs in this matter. The lodestar is "the product of reasonable hours times a reasonable rate." *Penn. v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). The Court finds that under the lodestar method, Plaintiffs are entitled to an award of attorney's fees in the following amounts:

- Matthew Lee: **$4,235.00** (6.05 hours * $700.00/hour)

- Mark Stigmon: **$3,510.00** (5.85 hours * $600.00/hour)

- Jeremy Williams: **$5,430.00** (9.05 hours * $600.00/hour)

- Katharine Batchelor: **$8,217.50** (17.30 hours * $475.00/hour)

- Gerard Stranch: **$4,480.00** (6.4 hours * $700.00/hour)

- SJG paralegals: **$352.50** (2.35 hours * $150.00/hour)

**TOTAL AWARD: $26,225.00**

Symetra argues that the Court should make an additional reduction to reflect Plaintiffs' limited success on their motion for sanctions. Once the Court has arrived at its lodestar calculation, the Court may "adjust the award upward or downward to achieve a reasonable result." *Geier v. Sundquist*, 372 F.3d 784, 792 (6th Cir. 2004) (citing *Hensley*, 461 U.S. at 434). In order to make that determination, the Supreme Court has endorsed the twelve factors adopted in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Id.* (citing *Hensley*, 461 U.S. at 430 n.3, 434 n.9). The *Johnson* factors are:

(1) the time and labor required; (2) the novelty and difficulty of the question; (3)

15

the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Johnson,* 488 F.2d at 717–19. "The Supreme Court, however, has limited the application of the *Johnson* factors, noting that many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Geier*, 372 F.3d at 792 (citing *Hensley,* 461 U.S. at 434 n.9).

The Court holds that an adjustment of the attorney's fee calculated under the lodestar method is not required here. The Court has largely considered the *Johnson* factors as part of its determination of how many hours counsel reasonably devoted to the case. The Court has specifically reduced the overall hours billed due to Plaintiffs' obtaining only partial relief on their motion for sanctions. "The most critical factor in determining the reasonableness of a fee award is the degree of success obtained." *Isabel*, 404 F.3d at 416. Under the circumstances, the Court finds the lodestar method has yielded a reasonable attorney's fee in this case.

## CONCLUSION

The Court awards Plaintiffs their reasonable attorney's fees in the amount of $26,225.00. Therefore, Plaintiffs' Motion for Attorney's Fees is **GRANTED in part, DENIED in part**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: November 3, 2025.