**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: AME CHURCH EMPLOYEE RETIREMENT FUND LITIGATION** | **MDL Docket No. 1:22-md-03035-STA-jay**<br><br>**ALL CASES** |

## ORDER ON REQUEST FOR HEARING ON MOTION TO SUBSTITUTE

Plaintiffs have moved pursuant to Rule 25 of the Federal Rules of Civil Procedure for an Order substituting Daniel Parish of Parish Law, LLC, in his capacity as the Administrator Ad Litem of the Estate of Jerome V. Harris in place of party defendant Dr. Jerome V. Harris for all purposes in this litigation. (ECF No. 1171.) Rule 25 provides that "[i]f a party dies and the claim is not extinguished, the Court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1).

"A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district." *Id.* 25(a)(3). Plaintiffs have asked that the Court set a hearing on their motion for substitution so that Plaintiffs may serve the motion together with a notice of hearing or setting letter on the necessary parties and nonparties and, thereby, satisfy the requirements of Rule 25.

The purpose of a hearing on a motion to substitute is to resolve any dispute as to the appropriateness of the proposed substituted party. There does not appear to be any dispute in the

present case. Therefore, the Court will not set a hearing date at this time. *See*, *e.g.*, *Stachewicz v. Certegy Payment Sols.*, LLC, 2025 WL 3000206, at *3 (C.D. Ill. Oct. 24, 2025), objections overruled, 2026 WL 86818 (C.D. Ill. Jan. 12, 2026) ("Although Rule 25 requires parties to serve a notice of hearing, it does not confer an absolute right to one. To the contrary, the Civil Local Rules vest the Court — not the litigants — with discretion to determine whether and when to hold a hearing.") After being served, Attorney Parish will have the requisite fourteen days in which to file a response to the motion and may request a hearing if he deems it advisable. *See*, *e.g.*, *Selendy Gay PLLC v. Campbell*, 2025 WL 3533004, at *1 (S.D.N.Y. Dec. 9, 2025) ("The Court cannot consider the motion to substitute until (i) plaintiff has properly served the motion on Reses, Apfel, and their counsel, (ii) provided proof of service, and (iii) those parties have had an opportunity to oppose or otherwise respond.")

 **IT IS SO ORDERED.**

 **s/ S. Thomas Anderson**
 S. THOMAS ANDERSON
 UNITED STATES DISTRICT JUDGE

 Date: April 20, 2026