**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

---

IN RE: AME CHURCH
EMPLOYEE RETIREMENT
FUND LITIGATION

MDL Docket No. 1:22-md-03035-STA-jay

ALL CASES

<u>**ORDER GRANTING MOTION TO BIFURCATE**</u>

Symetra Life Insurance Company has moved the Court, pursuant to Federal Rule of Civil Procedure 42(b), to sever the crossclaims between it and the AMEC Defendants from the upcoming trial of Plaintiffs' claims against the remaining defendants and set the crossclaims for a separate trial. (ECF No. 1135.) The AMEC Defendants have responded in opposition.[1] (ECF No. 1140.) Symetra was granted permission to file a reply to the response and did so on March 20, 2026. (ECF No. 1147.)

Federal Rule of Civil Procedure 42(b) provides that a court may bifurcate a matter into separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize." "In determining whether separate trials are appropriate, the court should consider several facts, including 'the potential prejudice to the parties, the possible confusion of the jurors, and the resulting inconvenience and economy.'" *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007) (quoting *Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir. 1997)). *See also Jones v. Interlake Steamship Co.*, 2023 WL 7005379, at *1 (W.D. Mich. Sept. 19, 2023) ("Other factors for a court

---

[1] No other party opposes bifurcation although Day and Night Solar's lack of opposition is contingent upon Symetra's agreement to drop its crossclaim against Day and Night Solar for contribution. With that crossclaim dropped, Day and Night Solar would no longer be required to participate in the bifurcated trial. (Mot. p. 2 n. 1, ECF No. 1135.)

to consider include: the possibility of jury confusion, whether the issues sought to be bifurcated are substantially different, and whether bifurcation would enhance the possibility of settlement.") Only one of these factors is required to support bifurcation. *See Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996); *see also Robinson v. Shelby Cnty., Kentucky*, 2022 WL 4370164, at *2 (E.D. Ky. Sept. 21, 2022) (citing *Saxion*).

Courts should look to case-specific facts to determine whether bifurcation is proper, with the burden placed on the party seeking bifurcation to show that separation of the issues is the most appropriate course. *See e.g.*, *Brantley v. Safeco Ins. Co. of Am.*, 2011 WL 6012554, at *1 (W.D. Ky. Dec. 1, 2011); *Stoudemire v. Mich. Dept of Corr.*, 2011 WL 2447992, at *2 (E.D. Mich. June 14, 2011); *Farmers Bank of Lynchburg, Tenn. v. BancInsure, Inc.*, 2011 WL 2023301, at *1 (W.D. Tenn. May 20, 2011). The decision to bifurcate is within the discretion of the trial court. *See Smith v. Allstate Ins. Co.*, 403 F.3d 401, 407 (6th Cir. 2005). In the present case, the Court finds that Symetra has met its burden to show that bifurcation of the crossclaims between it and the AMEC Defendants is the proper course of action.

As noted by Symetra, all claims brought by Plaintiffs against it have been settled and are awaiting final settlement approval. As a result, the upcoming trial set for September 14, 2026, no longer involves Symetra, other than its crossclaims with the AMEC Defendants.[2] Symetra argues that the crossclaims are distinct from the claims brought by Plaintiffs. However, the AMEC Defendants point out that they not only have crossclaims against Symetra but also both they and Plaintiffs have claims against the remaining defendants (the ones that Symetra will dismiss) who will be part of the upcoming September trial. The AMEC Defendants reason that a single trial

---

[2] Symetra states that it intends to voluntarily dismiss its contingent contribution claims against all Defendants except AMEC. (Mot. p. 2, ECF No. 1135.)

promotes judicial economy because their non-Symetra crossclaims involve all the remaining defendants sued by Plaintiffs.

The AMEC Defendants further argue that, in order to prove its claims as to other defendants, they will have to put on proof of Symetra's role in the alleged scheme, i.e., the same evidence that the AMEC Defendants would rely on during a separate trial against only Symetra. Thus, according to AMEC, bifurcation would cause their crossclaims to be tried twice with the same witnesses and parties being forced to appear in two trials and essentially provide the same testimony and presentation of evidence, thus defeating judicial economy.

While AMEC's arguments have some legitimacy, other factors weigh more heavily in favor of bifurcation. Primarily, the crossclaims involving Symetra and the AMEC Defendants involve issues and evidence related to contracts between Symetra and the AMEC Defendants that are not part of Plaintiffs' claims against other parties. One of Symetra's main defenses to AMEC's claims for negligence and breach of fiduciary duty arises from the provisions of the various contracts that allegedly allowed Symetra to rely on the directions it received from Dr. Jerome Harris without having to investigate, question, or challenge those directions. It does not appear that these contracts pertain to Plaintiffs or AMEC's tort claims against the other defendants. In addition, Symetra states that there are other documents, as well as testimony of witnesses, which relate to contracts, Plan Documents, and indemnification claims that would not be relevant in Plaintiffs' trial against the remaining defendants.

The Court agrees with Symetra that bifurcating the crossclaims will minimize the possibility of jury confusion by allowing one jury to focus on Plaintiffs' claims against the remaining defendants while another jury focuses on the issues that are unique to the crossclaims between Symetra and the AMEC Defendants. As argued by Symetra, a jury may struggle to keep

separate Symetra's contractual defenses, which are not available to the other defendants. Because much of the testimony and many of the documents are unique to the crossclaims, bifurcation will result in two shorter, more straightforward trials which will minimize or even eliminate jury confusion.

Although the AMEC Defendants are correct that at least some of Symetra's concerns regarding jury confusion could be addressed by less drastic measures, such as "use of a special verdict form, a well-adapted jury charge, and carefully crafted limiting instructions," *Marcum v. Scioto Cty.*, 2012 WL 2674303, at *3 (S.D. Ohio July 5, 2012), the Court agrees with Symetra that Plaintiffs, the Plan, and AMEC are now intertwined in a way that could confuse the jury and prejudice Symetra if AMEC's and Symetra's crossclaims are tried with Plaintiffs' claims.

As discussed by Symetra, it has crossclaims against both AMEC and the Plan, which AMEC's attorneys are defending. Originally, AMEC's attorneys brought claims on behalf of both the Church and the Plan, but they later dropped the Plan's claims in favor of Plaintiffs' counsel handling them in a derivative capacity. As a result, Plaintiffs' counsel is prosecuting the Plan's claims against all defendants, but AMEC's counsel is defending the Plan against Symetra's crossclaims. Thus, two sets of attorneys are representing the Plan in two different ways. If all the claims are tried together, the jury will be presented with two different sets of attorneys representing the Plan, including one set that is also representing AMEC. This situation is ripe for creating jury confusion. Moreover, trying all claims and parties together would prejudice Symetra because the jury may not be able to distinguish between Plaintiffs (mostly retired ministers who have allegedly been deprived of their retirement funds) and AMEC, such that the merits of Plaintiffs' claims and the sympathetic nature of the retirees will spill over and bias the jury in favor of AMEC. Bifurcation would avoid this kind of confusion and potential prejudice.

Finally, removing the crossclaims between Symetra and the AMEC Defendants from the trial currently scheduled will give AMEC and Symetra time to try to resolve these claims through settlement negotiations. Additionally, it will give the Court time to rule on the parties' competing *Daubert* and summary judgment motions, which may resolve much of the parties' dispute.

Because the avoidance of prejudice, lessening of jury confusion, and other trial efficiencies that will result from bifurcation outweigh any redundancy for AMEC, the Court finds that Symetra has met its burden to show that separation of the issues is the most appropriate course. The motion to sever the crossclaims between Symetra and the AMEC Defendants from the upcoming trial of Plaintiffs' claims against the remaining defendants and set the crossclaims for a separate trial is **GRANTED**.  A date for the bifurcated trial will be set by separate notice.

   **IT IS SO ORDERED**.

          **s/ S. Thomas Anderson**
          S. THOMAS ANDERSON
          UNITED STATES DISTRICT JUDGE

          Date:  May 6, 2026.