**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE: AME CHURCH EMPLOYEE** | ) | **Lead Case No.** |
| **RETIREMENT FUND LITIGATION,** | ) | **1:22–md–03035–STA–jay** |
| | ) | |
| | ) | **ALL CASES** |

---

**ORDER GRANTING APPROVAL TO PLAINTIFFS' PROPOSED LONG FORM
NOTICE TO CLASS MEMBERS
ORDER DIRECTING NOTICE TO CLASS MEMBERS**

---

Before the Court is Plaintiffs' Proposed Draft Class Notice (ECF No. 1189) filed June 12, 2026. For the reasons set forth below, the Court **GRANTS** approval to Plaintiffs' Proposed Form of Notice and **DIRECTS** notice to the members of the class.

## BACKGROUND

The Court granted in part and denied in part Plaintiffs' renewed motion for class certification in an order (ECF No. 1099) entered on January 2, 2026 ("the Class Certification Order"). The Court certified the following class claims, issues, and defenses for class action:

(1) civil conspiracy against the Estate of Dr. Jerome V. Harris; Sandra Harris; Robert Eaton; Symetra Life Insurance Company; Financial Freedom Funds, LLC; Day & Night Solar; Trinity Financial; Financial Freedom Group, Inc.; Financial Technologies, LLC; and the Motorskill Entities (Second Am. Compl., count 8);

(2) Symetra's affirmative defenses on the statute of limitations, including (a) the application of the discovery rule and when plan participants learned of facts sufficient to put a reasonable person on notice that they had suffered an injury as a result of wrongful conduct; and (b) whether Defendants fraudulently concealed their alleged wrongs from plan participants.

(3) any other affirmative defense preserved by Symetra and Defendants named in the civil conspiracy count.

Consistent with the Court's initial Class Certification Order, Plaintiffs proposed a long form notice to the class concerning the certification of these claims.

The Court subsequently granted Plaintiffs' motion for partial reconsideration in an order

(ECF No. 1188) entered May 29, 2026. The Court amended its Class Certification Order and

certified the following additional class claims and issues for class action:

> (1) breach of fiduciary duty against the Estate of Dr. Harris and Robert Eaton
> (Second Am. Compl., count 1);
>
> (2) conversion against the Estate of Dr. Harris; Sandra Harris; Eaton; Financial
> Freedom Funds, LLC; Financial Freedom Group, Inc.; Trinity Financial
> Consultants, LLC; Financial Technologies, LLC; and Day & Night Solar (count 4);
>
> (3) fraudulent concealment against the Estate of Dr. Harris and Eaton (count 5);
>
> (4) fraudulent misrepresentation against the Estate of Dr. Harris (count 6); and
>
> (5) aiding and abetting breach of fiduciary duty against Financial Freedom Funds,
> LLC; Financial Freedom Group, Inc.; Financial Technologies, LLC; Day & Night
> Solar; Trinity Financial Consultants, LLC; the Motorskill Entities; and Sandra
> Harris (count 9); and
>
> (6) any affirmative defense preserved by the Defendants named in these counts and
> certified for class action.

Based on these amendments to the Class Certification Order, the Court directed class counsel to

propose a revised long form notice to the class and submit its proposal within 14 days of the entry

of this order. Plaintiffs' proposed notice followed.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 23 governs class actions and the process for class

certification. Where, as in this case, a court certifies a class action under Rule 23(b)(3), notice to

the members of the class is mandatory. Fed. R. Civ. P. 23(c)(2)(B). The notice required in a Rule

23(b)(3) class action implicates the due process rights of the class members, "guarantee[ing] them

the opportunity to be excluded from the class action and not be bound by any subsequent

judgment." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173–74, 84 S.Ct. 2140, 40 L.Ed.2d 732

2

(1974). In order to satisfy due process, the class notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action" and their rights. *Does 1-2 v. Deja Vu Servs., Inc.*, 925 F.3d 886, 900 (6th Cir. 2019) (citing *Vassalle v. Midland Funding LLC*, 708 F.3d 747, 759 (6th Cir. 2013)).

Specifically, a court certifying the class action "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). While the court has discretion over the methods for giving notice ("United States mail, electronic means, or other appropriate means"), whichever method of delivery the court approves, the notice itself must contain several required elements:

(i) the nature of the action;

(ii) the definition of the class certified;

(iii) the class claims, issues, or defenses;

(iv) that a class member may enter an appearance through an attorney if the member so desires;

(v) that the court will exclude from the class any member who requests exclusion;

(vi) the time and manner for requesting exclusion; and

(vii) the binding effect of a class judgment on members under Rule 23(c)(3).

*Id*. Furthermore, the notice must "clearly and concisely state [the elements] in plain, easily understood language." *Id*.

## **ANALYSIS**

The Court finds that the long form notice proposed by Plaintiffs meets these requirements. First, the long form notice as drafted communicates the relevant facts about the class action in

language accessible to a layperson. "The direction that class-certification notice be couched in plain, easily understood language is a reminder of the need to work unremittingly at the difficult task of communicating with class members." Fed. R. Civ. P. 23, Committee Notes on 2023 Amendments. The notice must at a minimum properly "alert class members to their right to 'opt out' of [the Rule 23](b)(3) class." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997).

The Court finds that the proposed notice satisfies this standard. The notice contains clear, concise, plain, and easily understood language regarding (i) the nature of the action, (ii) the definition of the class certified, (iii) the class claims, issues, or defenses, (iv) that a class member may enter an appearance through an attorney if the member so desires, (v) that the court will exclude from the class any member who requests exclusion, (vi) the time and manner for requesting exclusion, and (vi) the binding effect of a class judgment on members. Fed. R. Civ. P. 23(c)(2)(B). The proposed notice therefore satisfies the requirements of Rule 23.

Next, class counsel have proposed a plan of distribution that also complies with Rule 23(c)'s test. Plaintiffs propose sending a long form notice of the class action via U.S. mail and e-mail, just as they did to convey notice of the settlements reached as to some Defendants (AMEC, Newport Group, and Symetra Life Insurance) at earlier points in the MDL. Mailing notice by first class U.S. mail to each class member's last known address meets the requirements of Rule 23(c)(2)(B). *Lindberg v. UHS of Lakeside, LLC*, 761 F. Supp. 2d 752, 765 (W.D. Tenn. 2011) ("In FLSA cases, first-class mail is generally considered to be the 'best notice practicable' to ensure that proper notice is received by potential class members."). Email notice is also appropriate. *Van Buren v. Historic Images, Inc.*, No. 2:22-cv-02917-MSN-cgc, 2022 WL 1632659, at *5 (W.D. Tenn. May 23, 2022) ("[W]hile first-class mail has often been referred to as the 'best notice

4

practicable,' recent cases have held that email notification is also appropriate.").

Plaintiffs also propose hosting the long-form notice on the same website where Plaintiffs' earlier settlements were hosted, www.amechurchretirementsettlement.com. Websites and other forms of online dissemination are appropriate, though usually just to supplement traditional methods of serving notice. 1 McLaughlin on Class Actions § 5:81 (22nd ed.) ("To date posting class notices on websites, including the defendant's or a class-action website or link created for purposes of the case, absent exceptional justification has been used only in conjunction with other more traditional media of mass communication, and it is difficult to envisage the internet displacing notice by first-class mail as the constitutional baseline.").

Here, the Court has already approved the use of the same website to communicate notice and information about Plaintiffs' settlements on behalf of the class. The Court continues to find this method, used in conjunction with first class mail and email, to be well-designed means of giving the members of the class information about the class action component of the MDL.

Plaintiffs advise the Court that they expect to have the settlement administrator, Verita Global, LLC, disseminate the class action notice. Verita was previously selected as the administrator for the AMEC and Newport settlements and, more recently, the Symetra settlement. The fact that Verita has already administered notice of these settlements suggests to the Court that continuing to employ Verita to administer the class action will best serve the interests of the case.

In sum, the Court finds that Plaintiffs' proposed notice and proposal for disseminating notice meets Rule 23(c)'s requirements for giving "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2).

Finally, Plaintiffs propose that the Court delay sending notice to the class. Plaintiffs explain

5

that the Court has already given preliminary approval to Plaintiffs' settlement of their class action claims with Symetra. The current deadline for class members to object or opt out of the Symetra settlement is July 17, 2026. The members of the settlement class with Symetra are also the members of the class action certified by the Court. Class counsel are concerned about possible confusion if the opt-out period for the Symetra settlement overlaps with the opt-out period for the class action. Plaintiffs propose then that the Court delay sending the class action notice to the class members.

The touchstone of Rule 23(c)(2)(B) is giving "the best notice that is practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B); *see also* Fed. R. Civ. P. 23(d)(1)(B) (granting a court the further discretion to issue orders "to protect class members and fairly conduct the action"). The Court tends to agree with class counsel that simultaneously distributing two different notices, the notice of the Symetra settlement and the class action notice, each with its own set of deadlines to object or opt out and to the same individuals, would unnecessarily invite confusion. The comments to Rule 23 address this very concern and the wisdom of deferring notice, albeit in the context of a settlement coming close on the heels of class certification (and not, as here, the other way around): "In some cases, particularly if settlement appears imminent at the time of certification, it may be possible to achieve equivalent protection by deferring notice and the opportunity to elect exclusion until actual settlement terms are known." Fed. R. Civ. P. 23, Committee Notes on 2023 Amendments to Rule 23(e)(3).

In order to best serve the needs of the case, protect class members, and fairly conduct the action, the Court will defer ordering notice of the class action. The Court will adopt July 31, 2026, as the Notice Date and orders that notice be disseminated no later than that date. Based on a proposed Notice Date of July 31, Plaintiffs have also suggested an opt-out deadline of September

6

11, 2026. Accordingly, the Court sets September 11, 2026, as the opt-out deadline for the notice of class action.

## CONCLUSION

The Court hereby **GRANTS** approval to Plaintiffs' proposed long form notice and plan for sending notice of the class action. The long form notice is attached as an exhibit to this order. The Court **DIRECTS** notice to the members of the class and sets the Notice Date as no later than July 31, 2026.

**IT IS SO ORDERED**.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: June 18, 2026